11th
Court of Appeals

                                                                  Eastland,
Texas

                                                                        Opinion

Carlos Montez Elder

Appellant

Vs.                   No.
11-01-00384-CR -- Appeal from Dallas County

State of Texas

Appellee

 

The jury
convicted Carlos Montez Elder of possessing cocaine Awith intent to deliver,@ and the trial court assessed his punishment
at confinement for 50 years.[1]  We affirm.

                                                                  Issues
Presented

Appellant
presents three issues for appellate review. 
In his first two issues, appellant argues that the evidence is factually
insufficient to prove that he either (Issue No. 1) Apossessed@ the cocaine or (Issue No. 2) had the Aintent to deliver@ the cocaine.  Then, appellant
argues that the trial court erred (Issue No. 3) in failing to give a Areasonable doubt instruction@ as to the extraneous offense testimony which
the jury heard during the first phase of trial.

                                                          Sufficiency
of the Evidence

We have
reviewed the first two issues under the tests which are discussed in Vasquez v.
State, 67 S.W.3d 229, 236 (Tex.Cr.App.2002). 
See also Cain v. State, 958 S.W.2d 404, 408 (Tex.Cr.App.1997), and
Clewis v. State, 922 S.W.2d 126, 129 (Tex.Cr.App.1996).  We find that the evidence of both possession
and also of intent is sufficient to support the jury=s verdict; the evidence is neither so weak as
to render the conviction clearly wrong and manifestly unjust nor is it so greatly
outweighed by contrary evidence as to render the conviction clearly wrong and
manifestly unjust. 

                                                             Evidence
of Possession








Officer
George Morales of the Dallas Police Department testified that he was working
with Officer Adam Conway on May 22, 2001, at about 5:30 p.m.  The two officers were in uniform and were in
a patrol car which was clearly marked as a Dallas police car.  Officer Morales was driving, and Officer
Conway was the passenger.  They were in
the central business district in a Ahigh drug area@ when
they saw Asuspicious activity@ by three individuals who were grouped
together.  Officer Morales testified
that, when he drove toward them, he saw one of the men throw a brown paper sack
over toward some stairway steps as the group scattered and tried to walk
away.  The officers were able to detain
two men for questioning, and the other person got away.  Officer Morales identified appellant as the
man who threw the brown paper sack, and Officer Morales identified the sack
which he found.  Officer Morales said
that he saw it leave appellant=s hand and that he saw where it landed.  Appellant was arrested after the officers opened the paper sack
and saw its contents.  Officer Morales
also proved his end of the chain of custody on the sack which appellant tried
to throw away.  The brown paper sack
contained contraband which the chemist testified was 15.4 grams of
cocaine.  Appellant had $596.74 in his
possession at the time of his arrest. 
The other man did not have any contraband in his possession, and he was
released at the scene. 

Appellant
testified that he did not possess any cocaine and that he did not throw the
sack  which Officer Morales identified.  Appellant also explained why he had that
much cash in his possession at the time of his arrest.  Officer Conway testified in rebuttal, and
his testimony supported Officer Morales=s version of the incident.  The
jury was the judge of the credibility of the witnesses and of the weight to be
given to the testimony.  TEX. CODE CRIM.
PRO. ANN. arts. 36.13 & 38.04 (Vernon 1979 & 1981).  The evidence is factually sufficient to
prove that appellant possessed the cocaine. 
Vasquez v. State, supra; Cain v. State, supra; Clewis v. State,
supra.  The first issue for review is
overruled.           

                                                         Evidence
of Intent to Deliver








Detective
Anthony Gipson of the Dallas Police Department testified that he had been a
police officer for 21 years and that he had been a detective in the narcotics
division for the past 13 years. 
Detective Gipson testified as an expert witness, and he testified that
it was his opinion that a person who possessed the amount of crack cocaine
which was admitted into evidence in this case would have possessed it Awith the intent to deliver.@ 
Detective Gipson said that it was Afar more than a person would normally have@ for personal use.  Detective Gipson also testified that the fact that appellant had
$596 in cash in his possession would Abolster@ his opinion that it was Apossessed with the intent to deliver.@ 
Detective Gipson also gave his opinion that the Astreet value@ of the cocaine in this case would be about $1,400 and that its
wholesale value would be Ain the neighborhood@ of $300 or $400.  The jury was
the judge of the credibility of the witnesses and of the weight to be given to
the testimony.  Articles 36.13 &
38.04.  The evidence is factually
sufficient to show that appellant intended to deliver the cocaine.  Vasquez v. State, supra; Cain v. State,
supra; Clewis v. State, supra.  The
second issue for review is overruled.          


                                                        Reasonable
Doubt Instruction

After the
State rested, appellant testified in his own defense to swear that he had not
possessed the cocaine and that he had not had the intent to deliver any
cocaine.  At the beginning of his
testimony, the record shows the following answers by appellant to his attorney=s questions:

Q: Now, at
the outset, I would like to get some things out of the way.  And chiefly, I would like you to talk a
little bit about your criminal history.

 

[Appellant and his attorney then discussed
his 1991 conviction for possession with intent to deliver a controlled
substance.]

 

Q: Now let=s talk a little bit more about your criminal
record.  You=ve got...five theft cases, the first of which
was in January 25 of '89, the last of which was on January 10 of 1990; is that
correct?

 

A: Yes,
sir.

 

Q: Are
those misdemeanor or felonies?

 

A: Some
misdemeanor and some felonies.

 

                                                           *    *   
*

 

Q:
Okay.  Now, there are two other cases
that you=ve had. 
You=ve had a possession of a controlled substance
case in January 10 of 1990.  That=s about - - about a year and a half before
you had the possession with intent to deliver. 
Was that - - were both of those cases cocaine cases?

 

A: Yes,
sir.

 

Q: Were
they crack cocaine cases?

 

A: Yes,
sir.

 

                                                           *    *   
*








Q: And
there is one last case.  In addition to
the five theft cases, the possession [and] the possession with intent, you have
a burglary of a coin op machine.  What=s that about?

 

A: To be
honest, sir, I don=t
really know anything about that. [He did agree that it was his signature on the
plea agreement in that case.]

 

Appellant
cites Huizar v. State, 12 S.W.3d 479 (Tex.Cr.App.2000), for his contention that
the trial court committed reversible error by failing to give a Areasonable-doubt instruction@ in connection with the proof of his
extraneous offenses.  See also Ellison
v. State, 86 S.W.3d 226 (Tex.Cr.App.2002). 
The Court of Criminal Appeals held in both of those cases that the trial
court erred in failing to give a Areasonable-doubt instruction@ as to the proof of extraneous offenses which was offered by the State
during the punishment phase of trial, even in the absence of a request for that
instruction or an objection to the charge. 
Those cases are factually distinguishable.  The extraneous offense proof in the case before us was not
offered by the State.  It was offered by
appellant (in an attempt to minimize the impeachment effect of those offenses)
when he took the witness stand during the first phase of trial in an attempt to
convince the jury that he was not guilty of the offense for which he was being
tried.  We do not think the trial court
erred in this case.

Moreover,
we note that both Ellison v. State, supra, and Huizar v. State, supra, hold
that, if there had been any error in the charge, the error would have been
reviewed under Almanza v. State, 686 S.W.2d 157, 171 (Tex.Cr.App.1985).  Since there was no timely request for a Areasonable-doubt instruction@ and no objection to the charge which was
given, we hold that any error in failing to give that instruction did not cause
Aegregious harm@ to appellant.  There was no
basis for any reasonable doubt that he had been convicted of the extraneous
offenses.  Appellant admitted all of the
convictions but one; and, in that case, he agreed that it was his signature on
the plea bargain papers.  The third
issue for appellate review is overruled.

                                                                This
Court=s Ruling

The
judgment of the trial court is affirmed.

 

BOB
DICKENSON

SENIOR
JUSTICE

 

December 12, 2002

Publish.  See TEX.R.APP.P. 47.3(b).

Panel consists of: Wright, J., and

McCall, J., and Dickenson, S.J.[2]











[1]See TEX. HEALTH & SAFETY CODE ANN. ' 481.112(d) (Vernon Pamph. Supp. 2003) which provides
that possession with the intent to deliver more than four grams of cocaine is a
felony of the first degree.





[2]Bob Dickenson, Retired Justice, Court of Appeals, 11th
District of Texas at Eastland sitting by assignment.