NUMBER 13-02-642-CR

COURT OF APPEALS

THIRTEENTH DISTRICT OF TEXAS

CORPUS CHRISTI – EDINBURG




RICARDO GARCIA,                                                           Appellant,

v.

THE STATE OF TEXAS,                                                      Appellee.




On appeal from the 208th District Court 
of Harris County, Texas.




O P I N I O N

Before Justices Hinojosa, Garza, and Baird



Opinion by Justice Baird

         Appellant was charged by indictment with the offense of aggravated robbery. 
The indictment alleged a prior felony conviction for the purpose of enhancing the range
of punishment. A jury convicted appellant of the charged offense, found the
enhancement allegation true, and assessed punishment at thirty-six years confinement
in the Texas Department of Criminal Justice--Institutional Division. We affirm the
judgment of the trial court.
I. Failure to Charge Jury on Extraneous Offense Evidence.
         The first point of error contends the trial judge erred in failing to instruct the jury
on the burden of proof required before extraneous offense evidence may be considered
at the punishment phase of trial. Such an instruction is required by law. Tex. Code
Crim. Proc. Ann. art. 37.07, § 3(a)(1) (Vernon Supp. 2003). Therefore, the trial
judge erred in failing to submit, sua sponte, a reasonable-doubt instruction regarding
the extraneous offense evidence. Allen v. State, 47 S.W.3d 47, 50 (Tex. Crim. App.
2001)("Thus, the trial court is required, when punishment phase evidence of
extraneous offenses or bad acts evidence is admitted, to sua sponte instruct the jury
on the reasonable-doubt standard of proof concerning the extraneous offenses and bad
acts."). However, because trial counsel failed to object to the omission of the
instruction in the jury charge, the degree of harm must be egregious before reversal
is required. Ellison v. State, 86 S.W.3d 226, 227 (Tex. Crim. App. 2002); Almanza
v. State, 686 S.W.2d 157, 171 (Tex. Crim. App. 1985) (op. on reh’g).


 Moreover,
we evaluate the harm stemming from the omission of the instruction in the jury
charge, not the extraneous offense evidence itself. Ellison, 86 S.W.3d at 227.
         The Almanza Court explained that errors which result in egregious harm are
those which affect "the very basis of the case," deprive the defendant of a "valuable
right," or "vitally affect a defensive theory." Almanza, 686 S.W.2d at 172. In Hutch
v. State, 922 S.W.2d 166 (Tex. Crim. App. 1996), the court recognized the following
four factors for consideration when conducting an Almanza harm analysis: 1) the
charge itself; 2) the state of the evidence including contested issues and the weight
of the probative evidence; 3) arguments of counsel; and, 4) any other relevant
information revealed by the record of the trial as a whole. Hutch, 922 S.W.2d at 171.
We will consider the factors seriatim.
         The charge itself is a standard punishment charge. However, it does not contain
the following language: “You are further instructed that in fixing the defendant’s
punishment . . . you may take into consideration all the facts shown by the evidence
admitted before you in the full trial of this case . . . .” This language permits the jury
to consider the extraneous offense evidence admitted at the guilt phase of trial. The
charge submitted at that phase included the following instruction:
You are further instructed that if there is any evidence before you
in this case regarding the defendant’s committing an alleged offense or
offenses other than the offense alleged against him in the indictment in
this case, you cannot consider such evidence for any purpose unless you
find and believe beyond a reasonable doubt that the defendant committed
such other offense or offenses, if any, and even then you may only
consider the same in determining the knowledge of the defendant, if any,
in connection with the offense, if any, alleged against him in the
indictment and for no other purpose.
Therefore, to the extent the jury considered the extraneous offenses at the guilt phase,
they were convinced beyond a reasonable doubt that the defendant committed those
offenses. Colburn v. State, 966 S.W.2d 511, 520 (Tex. Crim. App. 1998) (jury
presumed to have followed instructions).
         We next consider the state of the evidence including contested issues and the
weight of the probative evidence. At the time of the commission of the instant error,
the jury had convicted appellant of the charged offense. Consequently, the jury had
already resolved any contested issues against appellant, and had found the weight of
the probative evidence sufficient to establish appellant’s guilt beyond a reasonable
doubt. At the punishment phase, appellant pled true to the enhancement allegation
of theft from person. Additionally, appellant stipulated to convictions for failure to
identify to a peace officer and theft. 
         Counsel for appellant did not mention the extraneous offenses in his closing
argument. Instead, counsel attempted to mitigate the punishment due to the fact that
appellant was not present when the complainant was shot, and focused on appellant’s
children. Counsel asked the jury to assess the minimum punishment of fifteen years.
Both prosecutors for the State referred to the extraneous offense evidence, but neither
asked that the jury punish appellant for that specific conduct. Instead, both argued
that this evidence showed appellant’s character. The State asked the jury to assess
punishment at confinement for life. As noted above, the jury assessed punishment at
thirty-six years.
         Regarding the fourth factor, we do not discern any other relevant information
revealed by the record of the trial as a whole.
         As noted earlier, the harm which must be considered is the impact of the
omission in the jury charge of a reasonable-doubt instruction, not the extraneous
offense evidence itself. Ellison, 86 S.W.3d at 227. When the factors of Hutch are
considered in this context, we do not find the error was so egregious as to affect "the
very basis of the case," deprive the defendant of a "valuable right," or "vitally affect
a defensive theory." Almanza, 686 S.W.2d at 172. Consequently, we hold the failure
of the trial court to sua sponte instruct the jury on the burden of proof required before
extraneous offense evidence may be considered at the punishment phase of trial did
not result in sufficient harm to require reversal. Accordingly, the first point of error is
overruled.
II. Ineffective Assistance of Counsel.
         The remaining point of error contends appellant was denied the right to effective
assistance of counsel. In support of this contention, appellate counsel directs us to
three instances where counsel failed to object during the guilt phase of trial: (a) to the
jury charge; (b) to inadmissible evidence; and, (c) to improper jury argument. To
prevail on a claim of ineffective assistance of counsel, appellant must prove by a
preponderance of the evidence (1) that counsel's performance was deficient; and (2)
that, but for counsel's deficient performance, the result of the proceeding would have
been different. Strickland v. Washington, 466 U.S. 668, 687 (1984).
         Allegations of ineffectiveness must be firmly founded in the record, and the
record must affirmatively demonstrate the alleged ineffectiveness. McFarland v. State,
928 S.W.2d 482, 500 (Tex. Crim. App. 1996). When determining the validity of a
claim of ineffective assistance of counsel, judicial review must be highly deferential to
trial counsel and avoid the deleterious effects of hindsight. Ingham v. State, 679
S.W.2d 503, 509 (Tex. Crim. App. 1984). Accordingly, there is a strong presumption
that counsel's conduct fell within the wide range of reasonable professional assistance.
Strickland, 466 U.S. at 689; Jackson v. State, 877 S.W.2d 768, 771 (Tex. Crim.
App. 1994).
         Generally, the record on direct appeal is "inadequate to develop an ineffective
assistance claim" because "the very ineffectiveness claimed may prevent the record
from containing the information necessary to substantiate such a claim." Ex parte
Torres, 943 S.W.2d 469, 475 (Tex. Crim. App. 1997). When the record is silent as
to defense counsel's subjective motivations, appellate courts employ the presumption
discussed above, and presume that the challenged actions or inactions were sound trial
strategy. Rylander v. State, 101 S.W.3d 107, 110 (Tex. Crim. App. 2003). This
general rule may be defeated when a motion for new trial is filed, and a hearing is held
on the issue of the alleged ineffective assistance of counsel. See Robinson v. State,
16 S.W.3d 808, 810 (Tex. Crim. App. 2000) (discussing post-conviction writ
proceeding as preferred method for establishing facts underlying ineffective assistance
claim). However, in the instant case no such motion was filed. Therefore, we have
nothing before us from which to determine why appellant failed to object in these
instances. Consequently, the allegations of ineffectiveness are not firmly founded in
the record, and the record does not affirmatively demonstrate the alleged
ineffectiveness. McFarland, 928 S.W.2d at 500. Accordingly, we hold appellant has
not sustained his burden of proving the ineffective assistance claim by a
preponderance of the evidence.


 The second point of error is overruled.
         The judgment of the trial court is affirmed.
 
 
                                                               CHARLES BAIRD,
                                                               Justice

Do Not Publish.
Tex. R. App. P. 47.2(b).

Opinion delivered and filed
this 12th day of February, 2004.