David L. Johnson v. The State of Texas

COURT OF APPEALS

SECOND DISTRICT OF TEXAS

FORT WORTH

NO. 2-05-034-CR

DAVID L. JOHNSON APPELLANT

V.

THE STATE OF TEXAS STATE

------------

FROM THE 297TH DISTRICT COURT OF TARRANT COUNTY

------------

MEMORANDUM OPINION
(footnote: 1)

------------

A jury convicted Appellant David L. Johnson of five counts of aggravated sexual assault of a child under fourteen, charged in a single indictment.  On each count, the jury assessed Appellant’s punishment at fifty years’ confinement in the Institutional Division of the Texas Department of Criminal Justice, and the trial court sentenced him accordingly, ordering that the sentences run concurrently.  Appellant brings two points on appeal, arguing that the trial court erred by failing 
sua sponte 
to provide a reasonable doubt instruction in the punishment jury charge and that his trial counsel rendered ineffective assistance.  Because the trial court did not err and the record does not support the claim of ineffective assistance, we affirm the trial court’s judgment.

At the guilt phase of trial, the complainant testified on direct examination about the five incidents alleged in the indictment and testified that more instances of sexual abuse had occurred than she had described to the jury.  On cross-examination, she testified that “[i]t happened a lot on Pinehurst,” that she had told the lead prosecutor that it had happened fifty times or more, and that she had told a C.P.S. worker a different number.  On redirect examination by the State, the complainant described an occasion when Appellant forced her to touch and stroke his penis.  The outcry witness testified that the complainant had told her that sexual abuse had occurred about fifty times.  In closing argument at punishment, the State argued without objection,

She [Complainant] talked to you about five separate incidents and in pretty graphic detail, but she also told you there were more incidents than that.  And so because of all the things he did to her, because of the impact, I mean, this is going to continue, this isn’t really over for [Complainant].  I mean, you think a day is gonna go by that she’s [not] gonna wake up and think about this.  Of course not.  That’s why we ask you for life in prison on all five counts.

Appellant argues that the trial court erred by not instructing the jury at punishment that they could not consider evidence of other incidents of sexual abuse unless the incidents were proven beyond a reasonable doubt.  The State argues that the only extraneous act of misconduct was Appellant’s forcing the complainant to touch and stroke his penis because “Appellant’s other repeated sexual assaults on the child victim are not ‘extraneous offenses’ that could be excluded under rule 404(b).”  The State relies on 
Rodriguez v. State.
(footnote: 2)  
Rodriguez 
followed 
Sledge
(footnote: 3) and 
Rankin
(footnote: 4) and addressed the question of testimony of the repeated commission of a single offense at the guilt phase when it was impossible to determine the precise date of the indicted offense and the State had not been asked to elect a single event.
(footnote: 5)
 The 
Rodriguez
 court considered the testimony that Rodriguez had delivered cocaine to the witness “maybe 20 or 30 times” during the nine-month

period preceding the September 9th date alleged in the indictment.  The Court held that

[t]he Court of Appeals applied well-settled law set out in our decisions in 
Rankin
 and 
Sledge
 and we are not inclined to revisit those decisions which answer the contentions made in appellant’s brief.  Based on these decisions, we hold that K.R.’s testimony that appellant delivered cocaine to her “maybe 20 or 30 times” during the nine-month period preceding the September 9th date alleged in the indictment was not evidence of extraneous offenses and that appellant’s remedy was to require the State to elect the occurrence on which it sought to rely for conviction.
(footnote: 6)

Applying the reasoning of the 
Rodriguez
 court, we hold that the various testimony regarding Appellant’s having performed the sexual acts described in the indictment about fifty times, a lot, and more than the acts the complainant specifically described at trial was not evidence of extraneous offenses.  Appellant’s remedy was to require the State to elect the occurrences on which it sought to rely for conviction.  The evidence of the complainant’s being required to touch Appellant’s penis was, however, evidence of an extraneous offense.

Article 37.07(3)(a) of the Texas Code of Criminal Procedure provides in pertinent part that

evidence may be offered by the state and the defendant as to any matter the court deems relevant to sentencing, including but not limited to . . . evidence of an extraneous crime or bad act that is shown beyond a reasonable doubt by evidence to have been committed by the defendant or for which he could be held criminally responsible . . . .
(footnote: 7)
 The Texas Court of Criminal Appeals has held,

The plain language of this provision “requires that such evidence may not be considered in assessing punishment until the fact-finder is satisfied beyond a reasonable doubt that [the extraneous bad acts and offenses] are attributable to the defendant.”

As this was “law applicable to the case” appellant was not required to make an objection or request under section 3(a) in order for the trial court to instruct the jury thereunder. . . . [Such] error . . . derives from statutory violations of articles 36.14 and 37.07 and is purely “charge error” under article 36.19.  
Almanza
 sets forth the appropriate harm analysis for charge error under 36.19.
(footnote: 8)

Consequently, we hold that the trial court erred by not giving the jury the reasonable doubt instruction at punishment.  Because Appellant did not object at trial to the error in the court’s charge, we must decide whether the error was so egregious and created such harm that Appellant did not have a fair and impartial trial—in short, that “egregious harm” occurred.
(footnote: 9)
 Appellant was convicted of sexual assault of a child under fourteen by penetrating her sexual organ with his penis, by causing her sexual organ to contact his, by penetrating her anus with his penis, by causing her sexual organ to contact his mouth, and by causing her mouth to contact his sexual organ. The range of punishment for each count was confinement from five to ninety- nine years or life and a fine of up to $10,000.
(footnote: 10)  Although the State asked for a life sentence on each count, the jury assessed punishment at fifty years on each count with no fine.  As discussed above, only the testimony regarding the complainant’s being forced to touch Appellant’s penis qualifies as evidence of an extraneous offense.  Appellant does not contend that the evidence connecting him to this sole extraneous act of misconduct 
was insufficient to support a jury’s finding beyond a reasonable doubt that Appellant committed the act.

Examining the record in its entirety, we note that the State did not emphasize the extraneous offense.  The State understandably concentrated on the aggravated sexual assaults.  The State emphasized the fact that Appellant was the complainant’s stepfather, the man she considered her father, and the emotional impact of the abuse on the complainant.  The defense also brought out the fact that the complainant considered Appellant her father, reiterated the facts of the aggravated sexual assaults, and inquired whether she screamed or cried when Appellant assaulted her.

The State’s unobjected-to argument, recited above, appears to focus more on the other instances of aggravated sexual assaults rather than the extraneous act of indecency by contact.  The State asked for a life sentence on each count; instead, the jury returned a verdict of fifty years on each count. Based on the applicable measure of harm,
(footnote: 11) we hold that Appellant did not suffer egregious harm from the trial court’s error.  We overrule Appellant’s first point.

In his second point, Appellant argues that trial counsel rendered ineffective assistance of counsel by failing to request a reasonable doubt instruction as to extraneous offenses, failing to request a hearing on outcry testimony, forfeiting Appellant’s confrontation clause right by failing to correctly impeach the complainant, forfeiting Appellant’s confrontation clause right by failing to object to non-outcry witness testimony of sexual abuse, failing to request a limiting instruction regarding extraneous offense evidence, failing to request notice of extraneous offenses, and failing to impeach the complainant as to bias from her own pending charge.  As the Texas Court of Criminal Appeals reminds us,

Ineffective assistance of counsel claims are evaluated under the two-part test formulated by the Supreme Court in 
Strickland v. Washington
, requiring a showing of both deficient performance and prejudice.  A 
Strickland
 claim must be “firmly founded in the record” and “the record must affirmatively demonstrate” the meritorious nature of the claim.  Direct appeal is usually an inadequate vehicle for raising such a claim because the record is generally undeveloped.  . . . We have said that “trial counsel should ordinarily be afforded an opportunity to explain his actions before being denounced as ineffective.”  Absent such an opportunity, an appellate court should not find deficient performance unless the challenged conduct was “so outrageous that no competent attorney would have engaged in it.”
(footnote: 12)
 Trial counsel’s actions evinced a definite trial strategy:  to have the complainant describe the offenses in detail, pointing out the discrepancies and the coaching by adults, and suggesting that the complainant started a process that she could not control when, out of anger, she allegedly falsely accused the man she knew as a father and disciplinarian.  Having carefully reviewed the record and Appellant’s argument on appeal, we cannot conclude that the record shows that trial counsel’s actions constitute conduct so outrageous that no competent attorney would have engaged in it.  We overrule Appellant’s second point.

Having overruled Appellant’s two points, we affirm the trial court’s judgment.

LEE ANN DAUPHINOT

JUSTICE

PANEL B: LIVINGSTON, DAUPHINOT, and HOLMAN, JJ.

DO NOT PUBLISH

Tex. R. App. P.
 47.2(b)

DELIVERED:  April 27, 2006

FOOTNOTES
1:
See
 
Tex. R. App. P.
 47.4.

2:
104 S.W.3d 87, 90 (Tex. Crim. App. 2003).

3:
Sledge v. State
, 953 S.W.2d 253, 255-56 (Tex. Crim. App. 1997).

4:
Rankin v. State
, 974 S.W.2d 707, 718 (Tex. Crim. App. 1998) (op. on reh’g).

5:
Rodriguez
, 104 S.W.3d at 91.

6:
Id.
 (citations omitted).

7:
Tex. Code Crim. Proc. Ann.
 art. 37.07(3)(a) (Vernon Supp. 2005).

8:
Huizar v. State
, 12 S.W.3d 479, 480-85 (Tex. Crim. App. 2000).

9:
See
 
Almanza v. State
, 686 S.W.2d 157, 171 (Tex. Crim. App. 1985) (op. on reh’g);
 see 
Tex. Code Crim. Proc. Ann
. art. 36.19 (Vernon 1981); 
Hutch v. State
, 922 S.W.2d 166, 171 (Tex. Crim. App. 1996).

10:
See
 
Tex. Penal Code Ann.
 § 12.32 (Vernon 2003) (providing range of punishment for first-degree felonies); 
id.
 § 22.021(e) (Vernon Supp. 2005) (providing that aggravated sexual assault is a first-degree felony).

11:
See
 
Ellison v. State
, 86 S.W.3d 226, 227 (Tex. Crim. App. 2002); 
Almanza
, 686 S.W.2d at 171; 
see generally Hutch
, 922 S.W.2d at 171-74.

12:
Goodspeed v. State
, No. PD-1882-03, 2005 WL 766996, at *2 (Tex. Crim. App. April 6, 2005).