COURT OF APPEALS

                                       SECOND
DISTRICT OF TEXAS

                                                   FORT
WORTH

 

 

                                        NO.
2-05-034-CR

 

 

DAVID L. JOHNSON                                                             APPELLANT

 

                                                   V.

 

THE STATE OF TEXAS                                                                STATE

 

                                              ------------

 

           FROM THE 297TH
DISTRICT COURT OF TARRANT COUNTY

 

                                              ------------

 

                                MEMORANDUM OPINION[1]

 

                                              ------------








A jury convicted Appellant David L. Johnson of
five counts of aggravated sexual assault of a child under fourteen, charged in
a single indictment.  On each count, the
jury assessed Appellant=s punishment at fifty years=
confinement in the Institutional Division of the Texas Department of Criminal
Justice, and the trial court sentenced him accordingly, ordering that the
sentences run concurrently.  Appellant
brings two points on appeal, arguing that the trial court erred by failing sua
sponte to provide a reasonable doubt instruction in the punishment jury
charge and that his trial counsel rendered ineffective assistance.  Because the trial court did not err and the
record does not support the claim of ineffective assistance, we affirm the
trial court=s judgment.

At the guilt phase of trial, the complainant testified
on direct examination about the five incidents alleged in the indictment and
testified that more instances of sexual abuse had occurred than she had
described to the jury.  On
cross-examination, she testified that A[i]t
happened a lot on Pinehurst,@ that
she had told the lead prosecutor that it had happened fifty times or more, and
that she had told a C.P.S. worker a different number.  On redirect examination by the State, the
complainant described an occasion when Appellant forced her to touch and stroke
his penis.  The outcry witness testified
that the complainant had told her that sexual abuse had occurred about fifty
times.  In closing argument at
punishment, the State argued without objection,

She [Complainant] talked to you about five separate incidents and in
pretty graphic detail, but she also told you there were more incidents than
that.  And so because of all the things
he did to her, because of the impact, I mean, this is going to continue, this
isn=t really over for
[Complainant].  I mean, you think a day
is gonna go by that she=s [not] gonna wake up and
think about this.  Of course not.  That=s why we ask you for life in prison on all five
counts.








Appellant argues that the trial court erred by
not instructing the jury at punishment that they could not consider evidence of
other incidents of sexual abuse unless the incidents were proven beyond a
reasonable doubt.  The State argues that
the only extraneous act of misconduct was Appellant=s
forcing the complainant to touch and stroke his penis because AAppellant=s other
repeated sexual assaults on the child victim are not >extraneous
offenses= that
could be excluded under rule 404(b).@  The State relies on Rodriguez v. State.[2]  Rodriguez followed Sledge[3]
and Rankin[4]
and addressed the question of testimony of the repeated commission of a single
offense at the guilt phase when it was impossible to determine the precise date
of the indicted offense and the State had not been asked to elect a single
event.[5]

The Rodriguez court considered the
testimony that Rodriguez had delivered cocaine to the witness Amaybe 20
or 30 times@ during the nine‑month

 

 








period preceding the September 9th date alleged in the
indictment.  The Court held that

[t]he Court of Appeals applied well‑settled law set out in our
decisions in Rankin and Sledge and we are not inclined to revisit
those decisions which answer the contentions made in appellant=s brief.  Based on these decisions, we hold that K.R.=s testimony that
appellant delivered cocaine to her Amaybe 20 or 30 times@ during the nine‑month
period preceding the September 9th date alleged in the indictment was not
evidence of extraneous offenses and that appellant=s remedy was to require
the State to elect the occurrence on which it sought to rely for conviction.[6]

 

Applying the reasoning of the Rodriguez
court, we hold that the various testimony regarding Appellant=s having
performed the sexual acts described in the indictment about fifty times, a lot,
and more than the acts the complainant specifically described at trial was not
evidence of extraneous offenses. 
Appellant=s remedy was to require the
State to elect the occurrences on which it sought to rely for conviction.  The evidence of the complainant=s being
required to touch Appellant=s penis
was, however, evidence of an extraneous offense.

Article 37.07(3)(a) of the Texas Code of Criminal
Procedure provides in pertinent part that








evidence may be offered by the state and the
defendant as to any matter the court deems relevant to sentencing, including
but not limited to . . . evidence of an extraneous crime or bad act that is
shown beyond a reasonable doubt by evidence to have been committed by the
defendant or for which he could be held criminally responsible . . . .[7]

The Texas Court of Criminal Appeals has held,

The plain language of
this provision Arequires that such
evidence may not be considered in assessing punishment until the fact-finder is
satisfied beyond a reasonable doubt that [the extraneous bad acts and offenses]
are attributable to the defendant.@

 

As this was Alaw applicable to the
case@ appellant was not
required to make an objection or request under section 3(a) in order for the
trial court to instruct the jury thereunder. . . . [Such] error . . . derives
from statutory violations of articles 36.14 and 37.07 and is purely Acharge error@ under article
36.19.  Almanza sets forth the
appropriate harm analysis for charge error under 36.19.[8]

 

Consequently, we hold that the trial court erred
by not giving the jury the reasonable doubt instruction at punishment.  Because Appellant did not object at trial to
the error in the court=s charge, we must decide whether
the error was so egregious and created such harm that Appellant did not have a
fair and impartial trialCin short, that Aegregious
harm@
occurred.[9]








Appellant was convicted of sexual assault of a
child under fourteen by penetrating her sexual organ with his penis, by causing
her sexual organ to contact his, by penetrating her anus with his penis, by
causing her sexual organ to contact his mouth, and by causing her mouth to
contact his sexual organ. The range of punishment for each count was
confinement from five to ninety- nine years or life and a fine of up to
$10,000.[10]  Although the State asked for a life sentence
on each count, the jury assessed punishment at fifty years on each count with
no fine.  As discussed above, only the
testimony regarding the complainant=s being
forced to touch Appellant=s penis qualifies as evidence of
an extraneous offense.  Appellant does
not contend that the evidence connecting him to this sole extraneous act of
misconduct was insufficient to support a jury=s
finding beyond a reasonable doubt that Appellant committed the act.








Examining the record in its entirety, we note
that the State did not emphasize the extraneous offense.  The State understandably concentrated on the
aggravated sexual assaults.  The State
emphasized the fact that Appellant was the complainant=s
stepfather, the man she considered her father, and the emotional impact of the
abuse on the complainant.  The defense
also brought out the fact that the complainant considered Appellant her father,
reiterated the facts of the aggravated sexual assaults, and inquired whether
she screamed or cried when Appellant assaulted her.

The State=s
unobjected-to argument, recited above, appears to focus more on the other
instances of aggravated sexual assaults rather than the extraneous act of
indecency by contact.  The State asked
for a life sentence on each count; instead, the jury returned a verdict of
fifty years on each count.    Based on the
applicable measure of harm,[11]
we hold that Appellant did not suffer egregious harm from the trial court=s
error.  We overrule Appellant=s first
point.








In his second point, Appellant argues that trial
counsel rendered ineffective assistance of counsel by failing to request a
reasonable doubt instruction as to extraneous offenses, failing to request a
hearing on outcry testimony, forfeiting Appellant=s
confrontation clause right by failing to correctly impeach the complainant,
forfeiting Appellant=s confrontation clause right by
failing to object to non-outcry witness testimony of sexual abuse, failing to
request a limiting instruction regarding extraneous offense evidence, failing
to request notice of extraneous offenses, and failing to impeach the
complainant as to bias from her own pending charge.  As the Texas Court of Criminal Appeals
reminds us,

Ineffective assistance of
counsel claims are evaluated under the two-part test formulated by the Supreme
Court in Strickland v. Washington, requiring a showing of both deficient
performance and prejudice.  A Strickland
claim must be Afirmly founded in the record@ and Athe
record must affirmatively demonstrate@ the
meritorious nature of the claim.  Direct
appeal is usually an inadequate vehicle for raising such a claim because the
record is generally undeveloped.  . . .
We have said that Atrial counsel should ordinarily
be afforded an opportunity to explain his actions before being denounced as
ineffective.@ 
Absent such an opportunity, an appellate court should not find deficient
performance unless the challenged conduct was Aso
outrageous that no competent attorney would have engaged in it.@[12]








Trial counsel=s
actions evinced a definite trial strategy: 
to have the complainant describe the offenses in detail, pointing out
the discrepancies and the coaching by adults, and suggesting that the
complainant started a process that she could not control when, out of anger,
she allegedly falsely accused the man she knew as a father and
disciplinarian.  Having carefully
reviewed the record and Appellant=s
argument on appeal, we cannot conclude that the record shows that trial counsel=s
actions constitute conduct so outrageous that no competent attorney would have
engaged in it.  We overrule Appellant=s second
point.

Having overruled Appellant=s two
points, we affirm the trial court=s
judgment.

 

LEE
ANN DAUPHINOT

JUSTICE

PANEL B:   LIVINGSTON, DAUPHINOT, and HOLMAN, JJ.

DO NOT PUBLISH

Tex.
R. App. P.
47.2(b)

 

DELIVERED:  April 27, 2006











[1]See Tex. R. App. P. 47.4.





[2]104 S.W.3d 87, 90 (Tex. Crim. App. 2003).





[3]Sledge v. State,
953 S.W.2d 253, 255‑56 (Tex. Crim. App. 1997).





[4]Rankin v. State,
974 S.W.2d 707, 718 (Tex. Crim. App. 1998) (op. on reh=g).





[5]Rodriguez,
104 S.W.3d at 91.





[6]Id.
(citations omitted).





[7]Tex. Code Crim. Proc. Ann. art. 37.07(3)(a) (Vernon Supp. 2005).





[8]Huizar v. State,
12 S.W.3d 479, 480-85 (Tex. Crim. App. 2000).





[9]See Almanza
v. State, 686 S.W.2d 157, 171 (Tex. Crim. App. 1985) (op. on reh=g);
see Tex. Code Crim. Proc. Ann.
art. 36.19 (Vernon 1981); Hutch v. State, 922 S.W.2d 166, 171 (Tex.
Crim. App. 1996).





[10]See Tex. Penal Code Ann. ' 12.32
(Vernon 2003) (providing range of punishment for first-degree felonies); id.
' 22.021(e) (Vernon Supp. 2005) (providing that
aggravated sexual assault is a first-degree felony).





[11]See Ellison
v. State, 86 S.W.3d 226, 227 (Tex. Crim. App. 2002); Almanza, 686
S.W.2d at 171; see generally Hutch, 922 S.W.2d at 171-74.





[12]Goodspeed v. State, No. PD-1882-03, 2005 WL 766996, at *2 (Tex. Crim. App. April 6,
2005).