**Bobby Joe ELLISON, Appellant,**

v.

**The STATE of Texas.**

No. 1609–01.

Court of Criminal Appeals of Texas, En Banc.

Oct. 2, 2002.

Clement Dunn, Longview, for Appellant.

Betty Marshall, Assistant State's Attorney, Matthew Paul, State's Attorney, Austin, for State.

## OPINION

JOHNSON, J., delivered the unanimous opinion of the Court.

Following a jury trial, appellant was convicted of aggravated robbery. The jury assessed punishment at ninety-nine years in prison and a $5000 fine. During the punishment phase of trial, the trial court admitted evidence of extraneous offenses, but failed to instruct the jury that, before it could consider the extraneous-offense evidence, it must find that the state had proved those acts beyond a reasonable doubt. Appellant did not object to the omission in the jury charge.

On appeal, appellant argued that the trial court had erred in admitting evidence of extraneous offenses during the punishment phase of trial even though the state failed to prove beyond a reasonable doubt that he had committed the acts. Appellant also contended that the trial court had erred by failing to instruct the jury *sua sponte* that, before it could use the extra-

neous-offense evidence against appellant, it must first find beyond a reasonable doubt that appellant had committed the offenses.[1]

The court of appeals began its analysis by correctly noting that "[e]vidence of extraneous crimes or bad acts is admissible during the punishment phase of a trial to the extent that the trial court deems it relevant to sentencing. TEX.CODE CRIM. PROC. ANN. art. 37.07, § 3(a) (2001)." *Ellison v. State*, 51 S.W.3d 393, 396 (Tex.App.-Texarkana 1998, pet. granted). It further noted that, if such evidence is offered by the state, the jury cannot consider the evidence unless the jury is convinced beyond a reasonable doubt that the defendant committed the acts. *Id.* The issue was framed as a determination of whether the trial court was required to give, *sua sponte*, the reasonable-doubt instruction. *Id.* Citing *Huizar v. State*, 12 S.W.3d 479, 483–84 (Tex.Crim.App.2000)(op. on reh'g), the court of appeals held that the trial court was so required and that it had erred in failing to give the reasonable-doubt instruction. *Id.*

Beginning its harm analysis, the court of appeals noted that, because the failure to give the reasonable doubt instruction is statutory and because appellant failed to object to the omission, it must review the error under the egregious-harm standard. *Ellison*, 51 S.W.3d at 396, *citing Almanza v. State*, 686 S.W.2d 157, 171 (Tex.Crim. App.1985). The court went on to say that, when making this determination, it must attempt to illuminate the actual, not just the theoretical harm to appellant and, therefore, must assess the degree of harm in light of the entire jury charge, the state of the evidence, including contested issues and the weight of the probative evidence, the argument of counsel, and all other relevant information revealed by the record as a whole. *Ellison* at 396–97, *citing Mann v. State*, 964 S.W.2d 639, 641 (Tex. Crim.App.1998); *Almanza v. State*, 686 S.W.2d at 171; *Rudd v. State*, 921 S.W.2d 370, 373 (Tex.App.-Texarkana 1996, pet. ref'd). It also correctly stated that egregious harm is a difficult standard and must be proved on a case-by-case basis. *Ellison* at 397. The court concluded "we cannot speculate as to what punishment the jury would have assessed *without the evidence of the extraneous offenses*, but we conclude that the evidence made the case for serious punishment significantly more persuasive to the jury.... Accordingly, we cannot say with fair assurance that the sentence was not substantially affected by the error." *Ellison* at 397 (emphasis added). It is at this point that the opinion of the court of appeals appears to have lost sight of the issue.

The harm analysis appears to assume that the evidence of the extraneous offenses was improperly admitted against appellant. This is not the case. The decision of the trial court to admit extraneous offenses is reviewed under the abuse-of-discretion standard. *Powell v. State*, 63 S.W.3d 435, 438 (Tex.Crim.App.2001). There is no showing that the trial court abused its discretion in admitting testimony, in the punishment phase, that appellant had been arrested for the burglary of a vehicle and had admitted to law enforcement officers that he had trafficked in drugs and had committed hate crimes.

As the court of appeals correctly noted, the error was in the trial court's failure to give, *sua sponte*, a reasonable-doubt instruction regarding the extraneous offenses. *See e.g. Allen v. State*, 47 S.W.3d

---

**1.** Appellant also asserted ineffective assistance of counsel at the punishment stage. Because the court of appeals found harm from the trial court's omission of the reasonable-doubt instruction, it did not address that issue.

47, 50 (Tex.App.2001)("Thus, the trial court is required, when punishment phase evidence of extraneous offenses or bad acts evidence is admitted, to *sua sponte* instruct the jury on the reasonable-doubt standard of proof concerning the extraneous offenses and bad acts."); *Huizar v. State,* 12 S.W.3d 479, 483, 484 (Tex.Crim. App.2000). Possible harm to appellant because of the admission of evidence of extraneous offenses is not the issue here. The harm which must be considered is the impact of the omission in the jury charge of a reasonable-doubt instruction.

The court of appeals correctly stated that the error must be reviewed under the egregious-harm standard of *Almanza* and correctly set out the *Almanza* criteria ("In making [a harm] determination, we assess the degree of harm in light of the entire jury charge, the state of the evidence, including the contested issues and weight of probative evidence, the argument of counsel, and all other relevant information revealed by the record as a whole.") *Ellison* at 396. However, after setting forth the proper harm-analysis procedure, the court of appeals applied it to the wrong issue. The court of appeals' analysis appears to be based on a finding that the error was the admission of the evidence rather than the omission of the reasonable-doubt instruction. The analysis, therefore, does not properly apply the factors required by *Almanza* to the question of the impact of the omission of that instruction.

Accordingly, we remand this cause to the court of appeals for a harm analysis, of the impact of the omission of the reasonable-doubt instruction, that follows the test set forth in *Almanza* and its progeny and, if necessary, a review of appellant's remaining complaints.