11th
Court of Appeals

                                                                  Eastland,
Texas

                                                                        Opinion

 

Aaron Gene Jefferson

Appellant

Vs.                   No.
11-02-00154-CR -- Appeal from Palo Pinto County

State of Texas

Appellee

 

The jury
convicted Aaron Gene Jefferson of delivery of cocaine and found that the
offense occurred within 1,000 feet of a public school.  The trial court assessed his punishment at
confinement for 30 years.[1]   We affirm.

                                                                  Issues
Presented

Appellant
presents two issues for appellate review.  First, he argues that the trial court erred in denying his motion
for directed verdict because  Athe State failed to corroborate the testimony
of the confidential informant,@ as required by TEX. CODE CRIM. PRO. ANN. art. 38.141 (Vernon Pamph.
Supp. 2003).  Then, he argues that,
although no proper objection was lodged at trial, Athe trial court committed fundamental error@ in failing to instruct the jury pursuant to
Article 38.141. 

                                                                   The
Indictment

The
indictment charged that, on or about the 26th day of December 1998, appellant
knowingly delivered, by actual transfer, to Pamela Kay Newman, a controlled
substance, Acocaine, in an amount of one gram or more but
less than four grams.@

                                                                 The
New Statute








The Texas
Legislature enacted Article 38.141 in its 2001 regular session, and this
statute  became effective on September
1, 2001.  Even though the offense was
committed in 1998, the trial was after the effective date of the new
statute.  Article 38.141 is applicable
to the trial and appeal of this case, and it reads in relevant part as shown:

(a) A
defendant may not be convicted of an offense [under the Texas Controlled
Substances Act] on the testimony of a person who is not a licensed peace
officer or a special investigator but who is acting covertly on behalf of a
law enforcement agency or under the color of law enforcement unless the
testimony is corroborated by other evidence tending to connect the defendant
with the offense committed.

 

(b)
Corroboration is not sufficient for the purposes of this article if the
corroboration only shows the commission of the offense.  (Emphasis added)

 

                                                       The
Covert Witness Testimony

Pamela Kay
Newman testified that she had worked as a Aconfidential informant@ for the Cross Timbers Task Force. 
Newman testified about appellant=s December 26, 1998, offense. 
Newman met Officer Rodney Price and another member of the drug task
force at the old Mineral Wells dog pound. 
They searched her and Aput an audio device on [her] to go in while [she] was making the buy,
and gave [her] money.@  Officer Price drove Newman to the elementary
school which is near the house where appellant sold cocaine to Newman.  It took Newman about three or four minutes
to get to the house from where Officer Price parked his car.  Newman went through the garage and knocked
on the door of the house.  Appellant
answered the door, and he invited her to come into the house.  Newman told appellant  that she Awanted to purchase $150 worth of crack.@  Newman said that appellant
left the room Ato go get it.@  She named three other people
who were in the house Asmoking
crack@ in the master bedroom.  Newman said that she went into the bathroom
where appellant Ahad the crack that was laid out on the
counter.@   
Newman said that appellant told her: 
AHere it is.@  Newman had a yellow baggie,
and she testified that appellant Atook a razor blade and scooped it up and put it in the baggie@ for her. 
Newman paid him the $150, and she left the house.  She went back to Officer Price=s car and gave the contraband to him. 

                                                               The
Other Evidence








Some of
the Aother evidence tending to connect@ appellant to the offense came from Officer
Rodney Price, a Mineral Wells police officer who had been assigned to the Cross
Timbers Narcotics Task Force.  Officer
Price was a field supervisor for the drug task force, and he confirmed that Newman
was working for him as a Aconfidential informant@ when she made a number of drug purchases under his supervision.  Officer Price described their actions on the
night when Newman purchased 1.18 grams of cocaine from appellant.[2]  While Newman went into the house by herself
to make the purchase, Officer Price waited in his car.  Officer Price watched her go to and from the
house, and she gave him the cocaine when she got back to his car.  Newman had been searched before she went
into the house to make sure that she did not have any contraband before the
purchase from appellant.  Officer Price
also testified that he put a recording device on Newman, that he turned it on
when she left his car to go into the house, and that he turned it off when she
got back to his car.  Officer Price
testified that the recording covered the events while Newman was inside the
house, that it was an Aaccurate
copy@ of the conversations, and that it had not
been altered or modified in any manner. 
Officer Price testified that appellant=s voice was one of the voices on the recording, and he identified the
other persons whose voices were on the recording.  The recording was played for the jury, and it has been reviewed
by this court.  The recording is also Aother evidence tending to connect@ appellant with the offense which was
committed.  See Hernandez v. State, 939
S.W.2d 173, 178 (Tex.Cr.App.1997),[3]
where the court said:

All the
law requires is that there be some non-accomplice evidence which tends
to connect the accused to the commission of the offense.  While individually these circumstances might
not be sufficient to corroborate the accomplice testimony, taken together,
rational jurors could conclude that this evidence sufficiently tended to
connect appellant to the offense. 
(Emphasis in original)

 

We hold
that rational jurors could conclude that the testimony by Officer Price and the
recording, taken together, tended to connect appellant to the commission of the
offense on trial.  This satisfies the
corroboration requirement of Article 38.141. 
The first issue for review is overruled. 

 

 








                                                         Claim
of Fundamental Error

Appellant
concedes that there was Ano proper objection@ to the charge, but he argues that the trial court=s error in failing to charge the jury on the
requirements of Article 38.141 is fundamental error.  The Court of Criminal Appeals has consistently held that claims
of fundamental error in the charge to the jury are reviewed under the Aegregious harm standard@ of Almanza v. State, 686 S.W.2d 157, 171
(Tex.Cr.App.1985).  See, e.g., Ellison
v. State, 86 S.W.3d 226, 228 (Tex.Cr.App.2002); Huizar v. State, 12 S.W.3d 479,
483 (Tex.Cr.App.2000); Posey v. State, 966 S.W.2d 57, 60
(Tex.Cr.App.1998).  

We hold
that appellant has not shown Aegregious harm@ from
the trial court=s failure to instruct the jury to disregard
the testimony of the Acovert@ witness unless the jury was convinced beyond
a reasonable doubt that there was other evidence which Atended to connect@ appellant to the commission of the
offense.  The second issue for review is
overruled.  

                                                                This
Court=s Ruling

The
judgment of the trial court is affirmed.

 

BOB
DICKENSON

SENIOR
JUSTICE

February 13, 2003

Publish.  See TEX.R.APP.P. 47.2(b).

Panel consists of:  Arnot, C.J., and

McCall, J., and Dickenson, S.J.[4]











[1]The offense would have been a felony of the second
degree under TEX. HEALTH & SAFETY CODE ANN. '
481.112(c) (Vernon Pamph. Supp. 2003), but it was enhanced by the finding that
the delivery was in a Adrug-free@
zone.  See TEX. HEALTH & SAFETY CODE
ANN. ' 481.134(b) (Vernon Pamph. Supp. 2003).  It was also enhanced by the pleading and
proof of one prior felony offense.  See
TEX. PENAL CODE ANN. ' 12.42(b) (Vernon Supp. 2003).





[2]There was also testimony from other witnesses  about the Achain
of custody@ on the contraband which Newman purchased from
appellant, and there was testimony by the chemist who tested and weighed the
contraband.





[3]The requirement that accomplice testimony must be Acorroborated by other evidence tending to connect the
defendant with the offense committed@ is
identical to the requirement that covert witness testimony must be Acorroborated by other evidence tending to connect the
defendant with the offense committed.@  TEX. CODE CRIM. PRO. ANN. arts. 38.14 &
38.141 (Vernon 1979 & Pamph. Supp. 2003). 
Consequently, the statements in Hernandez v. State, supra, are
persuasive.





[4]Bob Dickenson, Retired Justice, Court of Appeals, 11th
District of Texas at Eastland sitting by assignment.