Death Opinion














IN THE COURT OF CRIMINAL APPEALS


OF TEXAS






PD-1411-05





DOUGLAS ALBERT DOUGHERTY, Appellant



v.



THE STATE OF TEXAS





ON APPELLANT'S PETITION FOR DISCRETIONARY REVIEW


FROM THE FIRST COURT OF APPEALS


BRAZORIA COUNTY






 Per curiam.


O P I N I O N




 Appellant was convicted of recklessly, or with criminal negligence, causing bodily
injury to an elderly individual. The trial court assessed punishment at four years'
confinement.

 On appeal, appellant claimed the trial court erred in failing to sua sponte limit the
definitions of culpable mental states in the jury charge to the result of appellant's conduct. 
The Court of Appeals agreed with appellant that the trial court erred by failing to limit the
jury charge definitions to the culpable mental state. Dougherty v. State, No. 01-03-01064-CR slip op. at 11 (Tex. App.-Houston [1st Dist.] March 10, 2005). The court
further held, however, that the failure to limit the culpable mental state definitions did not
result in egregious harm because the definitions were properly limited in the application
paragraph. Id. at 11-13. Appellant has filed a petition for discretionary review in which
he contends that the Court of Appeals failed to consider all of the factors required under
Almanza v. State, 686 S.W.2d 157 (Tex. Crim. App. 1985)(op. on reh'g). Specifically, he
contends that the Court of Appeals failed to consider the prosecutor's jury argument and
the contested issue of intent when evaluating egregious harm.

 When assessing harm arising from jury charge error, "the actual degree of harm
must be assayed in light of the entire jury charge, the state of the evidence, including the
contested issues and weight of probative evidence, the argument of counsel and any other
relevant information revealed by the record of the trial as a whole." Almanza, 686
S.W.2d at 171. Although the Court of Appeals correctly set forth this standard for
assessing harm, its conclusion that there was no egregious harm was based solely upon
the jury charge. The Court of Appeals failed to consider the other factors required by
Almanza. See, e.g., Ellison v. State, 86 S.W.3d 226, 228 (Tex. Crim. App.
2002)(remanding to court of appeals to reconsider error under proper application of
Almanza factors); Arline v. State, 721 S.W.2d 348, 352 (Tex. Crim. App. 1986)("[b]y
focusing exclusively upon the charge, the Court of Appeals failed to consider the
harmfulness of the charging error in the context of the entire record").

 Therefore, we grant appellant's petition for discretionary review, vacate the
judgment of the Court of Appeals, and remand this case to the Court of Appeals for
reconsideration of the harm arising from the jury charge error in light of all of the factors
set forth in Almanza. 


DELIVERED March 1, 2006

DO NOT PUBLISH