

# COURT OF APPEALS
## SECOND DISTRICT OF TEXAS
## FORT WORTH

### NO. 2-08-214-CR

BRIAN TERRELL NORWOOD                                      APPELLANT

V.

THE STATE OF TEXAS                                              STATE

------------

FROM THE 89TH DISTRICT COURT OF WICHITA COUNTY

------------

## MEMORANDUM OPINION[1]

------------

In a single point, appellant Brian Terrell Norwood argues that the trial court erred during the punishment phase of trial by omitting from the jury instructions a portion of the statutorily required instruction regarding parole and that this error harmed him. We will affirm.

The jury found Norwood guilty of murder. During the punishment phase, the trial court read its charge on punishment to the jury. Although the specific

---

[1] *See* Tex. R. App. P. 47.4.

language of the jury charge is mandated by article 37.07 of the Texas Code of Criminal Procedure, the court omitted one phrase in its parole instruction. *See* Tex. Code Crim. Proc. Ann. art. 37.07, § 4(a) (Vernon Supp. 2008). Norwood did not object to this omission. The jury then assessed Norwood's punishment at the maximum, ninety-nine years' imprisonment and a $10,000 fine. The trial court sentenced Norwood accordingly.

The code of criminal procedure requires a specific jury charge to be given when a defendant like Norwood has been found guilty of murder, part of which reads:

> Under the law applicable in this case, if the defendant is sentenced to a term of imprisonment, he will not become eligible for parole until the actual time served equals one-half of the sentence imposed or 30 years, whichever is less, *without consideration of any good conduct time he may earn*.

*Id.* (emphasis added).

Here, the trial court's instructions to the jury omitted the phrase "without consideration of any good conduct time he may earn." *Id.* Norwood argues that without this phrase, a rational juror would believe that good conduct would be taken into account in calculating his parole and that, therefore, he could receive parole sooner. Consequently, Norwood contends that the jurors assessed a higher sentence for Norwood than they would have had they received the proper instruction.

2

Appellate review of error in a jury charge involves a two-step process. *Abdnor v. State*, 871 S.W.2d 726, 731 (Tex. Crim. App. 1994). Initially, we must determine whether error occurred. If it did, we must then evaluate whether sufficient harm resulted from the error to require reversal. *Id.* at 731–32.

If there is error in the court's charge but the appellant did not preserve it at trial, we must decide whether the error was so egregious and created such harm that appellant did not have a fair and impartial trial—in short, that "egregious harm" has occurred. *Almanza v. State*, 686 S.W.2d 157, 171 (Tex. Crim. App. 1985) (op. on reh'g); *see* Tex. Code Crim. Proc. Ann. art. 36.19 (Vernon 2007); *Allen v. State*, 253 S.W.3d 260, 264 (Tex. Crim. App. 2008); *Hutch v. State*, 922 S.W.2d 166, 171 (Tex. Crim. App. 1996). Egregious harm is the type and level of harm that affects the very basis of the case, deprives the defendant of a valuable right, or vitally affects a defensive theory. *Allen*, 253 S.W.3d at 264 & n.15; *Olivas v. State,* 202 S.W.3d 137, 144, 149 (Tex. Crim. App. 2006); *Almanza,* 686 S.W.2d at 172.

In making an egregious harm determination, "the actual degree of harm must be assayed in light of the entire jury charge, the state of the evidence, including the contested issues and weight of probative evidence, the argument of counsel and any other relevant information revealed by the record of the trial

3

as a whole." *Almanza*, 686 S.W.2d at 171; *see generally Hutch*, 922 S.W.2d at 172–74. The purpose of this review is to illuminate the actual, not just theoretical, harm to the accused. *Almanza*, 686 S.W.2d at 174. Egregious harm is a difficult standard to prove and must be determined on a case-by-case basis. *Ellison v. State*, 86 S.W.3d 226, 227 (Tex. Crim. App. 2002); *Hutch*, 922 S.W.2d at 171.

The State agrees that the trial court committed error by excluding the above-mentioned mandatory language in its parole instruction. Thus, because Norwood failed to preserve error, the issue on appeal is whether he suffered egregious harm. *See Almanza*, 686 S.W.2d at 171.

The jury charge on punishment instructed the jury that parole eligibility will be based on "actual time served." It also instructed the jury "not to consider the extent to which good conduct time may be awarded to or forfeited by this particular defendant" and "not to consider the manner in which the parole law may be applied to this particular defendant." During closing argument, Norwood's defense counsel explained to the jury how the parole instruction works,

> "In your Jury Charge, let's talk about Instruction No. 2, what they call the parole law instruction. Whatever sentence you decide upon, at least half of that would be served day per day. Now, ten years he'd have to serve at least five years, day for day, before

4

he's even eligible for parole. Twenty years, he will get 10 years day per day. That's when he becomes eligible."

Defense counsel also reiterated the fact that the jury is "not to consider the extent to which [parole] is to be awarded."

Absent evidence that the jury did not follow the court's instructions in the charge, we presume the jury did follow the instructions and therefore did not consider parole in assessing punishment. *Lamberto v. State*, No. 02-07-00070-CR, 2008 WL 2168122, at *4 (Tex. App.—Fort Worth May 22, 2008, pet. ref'd) (not designated for publication) (citing *Hooper v. State*, 255 S.W.3d 262, 271 (Tex. App.—Waco 2008, pet. ref'd) (holding that when there are no indications to the contrary, the presumption that the jury followed the trial court's instructions prevails)).

In his brief, Norwood illustrates the theoretical harm that he could have suffered by describing what the jurors *could* have thought regarding parole and argues that a reasonable juror could have assessed a higher sentence to compensate for any good conduct time he may receive. But he does not demonstrate that he incurred any actual harm. *See Almanza*, 686 S.W.2d at 174 (requiring a review of the actual, not just theoretical, harm to the accused); *see also Shavers v. State*, 985 S.W.2d 284, 292 (Tex. App.—Beaumont 1999, pet. ref'd) (finding no egregious harm when nothing in the record indicated that

5

the jury considered parole in assessing punishment).  Norwood received the maximum sentence, but this fact alone does not establish that he suffered egregious harm.  *See Hooper*, 255 S.W.3d at 272 (noting that "[c]ourts generally agree that the parole instruction was designed to favor the State and to increase sentences").

After reviewing the record, we hold that the trial court's error in the jury charge was not egregious.  *See Almanza*, 686 S.W.2d at 171.  We overrule Norwood's sole point and affirm the trial court's judgment.

SUE WALKER
JUSTICE

PANEL: CAYCE, C.J.; WALKER and MEIER, JJ.

DO NOT PUBLISH
Tex. R. App. P. 47.2(b)

DELIVERED: April 23, 2009