COURT
OF APPEALS

                                       SECOND
DISTRICT OF TEXAS

                                                   FORT
WORTH

 

 

                                        NO.
2-08-214-CR

 

 

BRIAN TERRELL NORWOOD                                                  APPELLANT

 

                                                   V.

 

THE STATE OF TEXAS                                                                STATE

 

                                              ------------

 

             FROM THE 89TH
DISTRICT COURT OF WICHITA COUNTY

 

                                              ------------

 

                                MEMORANDUM OPINION[1]

 

                                              ------------

In a single point, appellant Brian Terrell
Norwood argues that the trial court erred during the punishment phase of trial by
omitting from the jury instructions a portion of the statutorily required
instruction regarding parole and that this error harmed him.  We will affirm.








The jury found Norwood guilty of murder.  During the punishment phase, the trial court
read its charge on punishment to the jury. 
Although the specific language of the jury charge is mandated by article
37.07 of the Texas Code of Criminal Procedure, the court omitted one phrase in
its parole instruction.  See Tex.
Code Crim. Proc. Ann. art. 37.07, ' 4(a)
(Vernon Supp. 2008).  Norwood did not
object to this omission.  The jury then
assessed Norwood=s punishment at the maximum,
ninety-nine years= imprisonment and a $10,000
fine.  The trial court sentenced Norwood
accordingly.

The code of criminal procedure requires a
specific jury charge to be given when a defendant like Norwood has been found
guilty of murder, part of which reads:

Under the law applicable
in this case, if the defendant is sentenced to a term of imprisonment, he will
not become eligible for parole until the actual time served equals one-half of
the sentence imposed or 30 years, whichever is less, without consideration
of any good conduct time he may earn.

 

Id. (emphasis added).

Here, the trial court=s
instructions to the jury omitted the phrase Awithout
consideration of any good conduct time he may earn.@  Id. 
Norwood argues that without this phrase, a rational juror would believe
that good conduct would be taken into account in calculating his parole and
that, therefore, he could receive parole sooner.  Consequently, Norwood contends that the
jurors assessed a higher sentence for Norwood than they would have had they
received the proper instruction.








Appellate review of error in a jury charge
involves a two-step process.  Abdnor
v. State, 871 S.W.2d 726, 731 (Tex. Crim. App. 1994).  Initially, we must determine whether error
occurred.  If it did, we must then
evaluate whether sufficient harm resulted from the error to require
reversal.  Id. at 731B32.

If there is error in the court=s charge
but the appellant did not preserve it at trial, we must decide whether the
error was so egregious and created such harm that appellant did not have a fair
and impartial trialCin short, that Aegregious
harm@ has
occurred.  Almanza v. State, 686
S.W.2d 157, 171 (Tex. Crim. App. 1985) (op. on reh=g);
see Tex. Code Crim. Proc. Ann. art. 36.19 (Vernon 2007); Allen v. State,
253 S.W.3d 260, 264 (Tex. Crim. App. 2008); Hutch v. State, 922 S.W.2d
166, 171 (Tex. Crim. App. 1996). 
Egregious harm is the type and level of harm that affects the very basis
of the case, deprives the defendant of a valuable right, or vitally affects a
defensive theory.  Allen, 253
S.W.3d at 264 & n.15; Olivas v. State, 202 S.W.3d 137, 144, 149
(Tex. Crim. App. 2006); Almanza, 686 S.W.2d at 172.








In making an egregious harm determination, Athe
actual degree of harm must be assayed in light of the entire jury charge, the
state of the evidence, including the contested issues and weight of probative
evidence, the argument of counsel and any other relevant information revealed
by the record of the trial as a whole.@  Almanza, 686 S.W.2d at 171; see
generally Hutch, 922 S.W.2d at 172B74.  The purpose of this review is to illuminate
the actual, not just theoretical, harm to the accused.  Almanza, 686 S.W.2d at 174.  Egregious harm is a difficult standard to
prove and must be determined on a case-by-case basis.  Ellison v. State, 86 S.W.3d 226, 227
(Tex. Crim. App. 2002); Hutch, 922 S.W.2d at 171.

The State agrees that the trial court committed
error by excluding the above-mentioned mandatory language in its parole
instruction.  Thus, because Norwood
failed to preserve error, the issue on appeal is whether he suffered egregious
harm.  See Almanza, 686 S.W.2d at
171.

The jury charge on punishment instructed the jury
that parole eligibility will be based on Aactual
time served.@ 
It also instructed the jury Anot to
consider the extent to which good conduct time may be awarded to or forfeited
by this particular defendant@ and Anot to
consider the manner in which the parole law may be applied to this particular
defendant.@ 
During closing argument, Norwood=s
defense counsel explained to the jury how the parole instruction works,








AIn your Jury Charge, let=s talk about Instruction
No. 2, what they call the parole law instruction.  Whatever sentence you decide upon, at least
half of that would be served day per day. 
Now, ten years he=d have to serve at least
five years, day for day, before he=s even eligible for parole.  Twenty years, he will get 10 years day per
day.  That=s when he becomes
eligible.@

 

Defense counsel also reiterated the fact that the jury is Anot to
consider the extent to which [parole] is to be awarded.@

Absent evidence that the jury did not follow the
court=s
instructions in the charge, we presume the jury did follow the instructions and
therefore did not consider parole in assessing punishment.  Lamberto v. State, No. 02-07-00070-CR,
2008 WL 2168122, at *4 (Tex. App.CFort
Worth May 22, 2008, pet. ref=d) (not
designated for publication) (citing Hooper v. State, 255 S.W.3d 262, 271
(Tex. App.CWaco 2008, pet. ref=d)
(holding that when there are no indications to the contrary, the presumption
that the jury followed the trial court=s
instructions prevails)).








In his brief, Norwood illustrates the theoretical
harm that he could have suffered by describing what the jurors could
have thought regarding parole and argues that a reasonable juror could have
assessed a higher sentence to compensate for any good conduct time he may receive.  But he does not demonstrate that he incurred
any actual harm.  See Almanza, 686
S.W.2d at 174 (requiring a review of the actual, not just theoretical, harm to
the accused); see also Shavers v. State, 985 S.W.2d 284, 292
(Tex. App.CBeaumont 1999, pet. ref=d)
(finding no egregious harm when nothing in the record indicated that the jury
considered parole in assessing punishment). 
Norwood received the maximum sentence, but this fact alone does not
establish that he suffered egregious harm. 
See Hooper, 255 S.W.3d at 272 (noting that A[c]ourts
generally agree that the parole instruction was designed to favor the State and
to increase sentences@).

After reviewing the record, we hold that the
trial court=s error in the jury charge was
not egregious.  See Almanza, 686
S.W.2d at 171.  We overrule Norwood=s sole
point and affirm the trial court=s
judgment.

 

SUE
WALKER

JUSTICE

 

PANEL: CAYCE, C.J.;
WALKER and MEIER, JJ.

 

DO NOT PUBLISH

Tex. R. App. P. 47.2(b)

 

DELIVERED: April 23, 2009











[1]See Tex. R. App. P. 47.4.