COURT OF APPEALS

                                                 SECOND
DISTRICT OF TEXAS

                                                                FORT
WORTH

 

 

                                        NO.
2-08-254-CR

                                        NO.
2-08-255-CR

                                        NO.
2-08-256-CR

                                        NO.
2-08-257-CR

 

 

SAMUEL
AGUILERA                                                             APPELLANT

 

                                                   V.

 

THE
STATE OF TEXAS                                                                STATE

 

                                              ------------

 

        FROM CRIMINAL DISTRICT
COURT NO. 3 OF TARRANT COUNTY

 

                                              ------------

 

                                MEMORANDUM OPINION[1]

 

                                              ------------








A jury convicted Appellant Samuel Aguilera upon
his pleas of guilty to two counts of burglary of a habitation and two counts of
aggravated robbery with a deadly weapon, with each offense charged in a
separate indictment.  The jury assessed
his punishment at ten years=
confinement in each of the burglary cases and thirty years=
confinement in each of the aggravated robbery cases.  The trial court sentenced him accordingly and
ordered all four sentences to be served concurrently.

In one issue, Appellant argues that the trial
court committed reversible error by failing to give sua sponte a limiting
instruction that the jury could consider the extraneous offenses only if the
extraneous offenses were proved beyond a reasonable doubt.  It is uncontested that such failure was
error.  But because the error did not
result in egregious harm to Appellant, we affirm the trial court=s
judgments.

Appellant admitted that he had participated in
the burglary of two separate homes and in two separate aggravated robberies in
which a firearm was used.  The two
robberies took place on the parking lots of two apartment complexes in
Arlington, Texas.  During the first robbery,
Francisco Rodriguez, who identified himself to the police at the time as Javier
Barron, and his wife, Christina, were parked in the parking lot of their
apartment complex.  The couple was
approached by two Hispanic males, and one pointed a firearm at them.  When the two men tried to take Rodriguez=s
property, he fought them, and two shots were fired.  The couple later identified Appellant as one
of the robbers.








Shortly after the first robbery, a teenager was
putting his Play Station Portable (PSP) in a car in the parking lot of his
apartment complex when two Hispanic males, one of whom was Appellant,
approached with a firearm.  They asked
the teenager if he had anything and then searched his pockets and the car,
finding the PSP.  One of the robbers
assaulted the teenager.

Arlington Police Officer Jonathan Mohr responded
to the robbery call and saw two Hispanic males matching the description that
had been broadcast.  As the officer
approached the men, Appellant started running. 
Officer Mohr caught him, and the teenager identified Appellant as one of
the robbers.

When Appellant=s SUV
was searched, the police officers discovered property taken in the burglaries.  The complainants in the two burglary cases
testified that their homes had been burglarized and that the property taken
from Appellant=s SUV was theirs.

Because the only issue for the jury to decide was
that of punishment, the State called Tempie Johnson to testify that she had
been robbed at gunpoint in front of her home and that a shot had been fired at
her vehicle.  The shot penetrated the
door and lodged in the front seat of her vehicle.  She identified Appellant as on of the robbers
by his ears.








Appellant took the stand and admitted that he had
committed the primary offenses, but he strenuously and repeatedly denied that
he had committed the extraneous robbery of Tempie Johnson.  Appellant personally asked the jury for
community supervision in each of the four cases.  In final argument, defense counsel asked for
community supervision.  The prosecutor
argued that community supervision was not appropriate and reminded the jury of
the extraneous robbery of Tempie Johnson. 
The jury charge did not contain an instruction that the jury could
consider the extraneous offense only if they believed beyond a reasonable doubt
that Appellant had committed it. 
Appellant did not request the instruction and did not object to the jury
charge for failure to include the instruction.

Article 37.07, section 3(a)(1) of the code of
criminal procedure requires the trial court to instruct the jury that they
cannot consider extraneous offenses unless they believe beyond a reasonable
doubt that the defendant committed those extraneous offenses.[2]  The court of criminal appeals has held that
the instruction does not require a request, but rather, that the trial court
must give the instruction sua sponte. 
Failure to give the instruction is error.[3]  As the State candidly concedes, the trial
court erred by failing to give the required instruction sua sponte.








Because such failure constitutes charge error, we
apply the standard enunciated in Almanza v. State.[4]  Appellant did not object to the failure of
the trial court to include the instruction and did not request the
instruction.  Almanza mandates an
analysis of the record to determine whether the charge error caused Appellant
egregious harm.[5]  Egregious harm is harm that affects the very
basis of the case, deprives the defendant of a valuable right, or vitally
affects a defensive theory.[6]

In making an egregious harm determination, Athe
actual degree of harm must be assayed in light of the entire jury charge, the
state of the evidence, including the contested issues and weight of probative
evidence, the argument of counsel and any other relevant information revealed
by the record of the trial as a whole.@[7]  The purpose of this review is to illuminate
the actual, not just theoretical, harm to the accused.[8]  Egregious harm is a difficult standard to
prove and must be determined on a case-by-case basis.[9]








Considering the entire record and the entire jury
charge, we note that the issue of the extraneous offense was hotly contested by
Appellant.  Only one prosecutor, however,
argued the extraneous offense to the jury, and that argument was minimal.

The State did not otherwise emphasize the
extraneous offense.  The jury heard about
four felony offenses committed in a very short period of timeCa crime
spree spawned by Appellant=s desire
for drugs and to pay for his vehicle. 
The jury heard about the assault of a teenager, a firearm=s being
wielded and actually fired, and a struggle with Rodriguez for his
property.  Despite the exhibition of a
firearm in both charged robberies, its firing in one robbery, and physical
assaults in both robberies, the jury assessed only a thirty-year sentence for
each aggravated robbery conviction.[10]  And the jury assessed a sentence of only ten
years=
confinement in each of the burglary of a habitation cases, not an
extraordinarily high sentence.[11]








Although the State did not prove that Appellant
had previously been convicted of any offense, and although Appellant was only
seventeen years old at the time he committed the offenses, we hold that the
omission of the required jury instruction did not egregiously harm Appellant.  It is not our job to consider the possible
harm to Appellant caused by the admission of evidence of the extraneous
offense;  the harm which we must consider
is the impact of the omission in the jury charge of a reasonable-doubt
instruction.[12]  Applying the factors required by Almanza
to the question of the impact of the omission of that instruction, we conclude
that any harm to Appellant caused by the omission of the reasonable-doubt
instruction does not rise to the level of egregious harm.  We, therefore, overrule Appellant=s sole
issue and affirm the trial court=s
judgments.

 

 

LEE
ANN DAUPHINOT

JUSTICE

 

PANEL:  CAYCE, C.J.; DAUPHINOT and MEIER, JJ.

 

DO NOT PUBLISH

Tex. R. App. P. 47.2(b)

 

DELIVERED:  July 9, 2009











[1]See Tex. R. App. P. 47.4.





[2]Tex. Code Crim. Proc.
Ann. art. 37.07, ' 3(a)(1) (Vernon
Supp. 2008).





[3]Huizar v. State, 12 S.W.3d 479, 484
(Tex. Crim. App. 2000) (op. on reh=g).





[4]686 S.W.2d 157, 171B72 (Tex. Crim. App. 1985)
(op. on reh=g); see also
Huizar, 12 S.W.3d at 484.





[5]Almanza, 686 S.W.2d at 171;
see Tex. Code Crim. Proc. Ann. art. 36.19 (Vernon 2007); Allen v. State,
253 S.W.3d 260, 264 (Tex. Crim. App. 2008); Hutch v. State, 922 S.W.2d
166, 171 (Tex. Crim. App. 1996).





[6]Allen, 253 S.W.3d at 264 &
n.15; Olivas v. State, 202 S.W.3d 137, 144, 149 (Tex. Crim. App. 2006); Almanza,
686 S.W.2d at 172.





[7]Almanza, 686 S.W.2d at 171; see
generally Hutch, 922 S.W.2d at 172B74.





[8]Almanza, 686 S.W.2d at 174.





[9]Ellison v. State, 86 S.W.3d 226, 227
(Tex. Crim. App. 2002); Hutch, 922 S.W.2d at 171.





[10]See Tex. Penal Code Ann. '' 12.32(a) (providing
range of confinement for first degree felony is life or any term of not more
than 99 years or less than 5 years), 29.03(b) (providing that aggravated
robbery is first degree felony) (Vernon 2003).





[11]See id.'' 12.33(a) (providing
range of confinement for second degree felony is from not less than two to not
more than twenty years), 30.02(c)(2) (providing that burglary of a
habitation is a second degree felony).





[12]See Ellison, 86 S.W.3d at 228.