# TEXAS COURT OF APPEALS, THIRD DISTRICT, AT AUSTIN

## NO. 03-10-00666-CR

**Priscilla Limon, Appellant**

**v.**

**The State of Texas, Appellee**

**FROM THE COUNTY COURT OF LLANO COUNTY
NO. 14279, THE HONORABLE WAYNE BRASCOM, JUDGE PRESIDING**

## M E M O R A N D U M  O P I N I O N

A jury convicted appellant Priscilla Limon of the misdemeanor offense of cruelty to animals. The trial judge sentenced her to confinement in the county jail and placed her on community supervision. Appellant raises four points of error on appeal. We sustain her second point of error complaining of error in the jury charge, reverse her conviction, and remand the case to the trial court for further proceedings.

### FACTUAL AND PROCEDURAL BACKGROUND

The jury heard evidence that Sandra Kott, a Llano County Animal Control Officer, received a complaint on April 17, 2007, about several dogs running loose. When Kott responded to the location, she observed one dog that had been killed by a car and others running loose in the neighborhood. She described these dogs as emaciated and "in bad condition," and it appeared to her that they were not being fed or watered. She was informed by a neighbor that appellant was the

owner of the dogs, but that she had moved away approximately two months before. The evidence reflected that at one point appellant's family owned the residence near the location where the dogs were found. The evidence was contested as to who owned the residence and was living there at the time Kott found the dogs running loose nearby. Kott further testified that after capturing the dogs, she placed them in the care of a local animal shelter where they subsequently died.

The jury convicted appellant of the offense as charged in the information. Appellant elected to have the court assess punishment. The trial judge assessed appellant's punishment at 18 months confinement in the county jail and placed her on community supervision for 18 months, ordering her to serve 120 days in the county jail as a condition of supervision. This appeal followed.

## DISCUSSION

In her second point of error, appellant maintains that the trial court erroneously charged the jury on law applicable to the offense of cruelty to animals that only became effective on September 1, 2007, after the date of the alleged offense. She argues that the jury charge incorrectly included the mental state of "recklessly," which allowed the jury to convict her of an offense that did not exist at the time of the alleged conduct: reckless cruelty to animals. She further contends that this jury-charge error caused egregious harm.

At the time of the alleged conduct, section 42.09 of the penal code, the cruelty-to-animals statute, provided that "[a] person commits an offense if the person intentionally or knowingly . . . abandons unreasonably an animal in the person's custody[.]" *See* Act of May 24, 2001, 77th Leg., R.S., ch. 450, §1, 2001 Tex. Gen. Laws 887 (amended 2007) (current version at Tex. Penal Code Ann. § 42.09(a)(3) (West 2011)). The jury charge in this case, however,

2

contained the mental states of "intentionally, knowingly, or recklessly" throughout the jury charge—in the abstract portion of the charge defining the offense and in the subsequent application paragraphs.[1] The jury charge also provided the statutory definition of "recklessly" in the abstract portion of the charge. *See* Tex. Penal Code Ann. § 6.03(c) (West 2011).

---

[1] The jury charge contained the following traditional application paragraph tracking the language of the information:

> Now if you find from the evidence beyond a reasonable doubt that on or about the [sic] April 17, 2007 in the County of Llano, State of Texas, PRISCILLA LIMON, Defendant, did then and there, intentionally, knowingly, or recklessly abandoned [sic] unreasonably an animal; to wit: a dog in the defendant's custody, by leaving the dog and not providing food, water, care or shelter, and the defendant's conduct was not a generally accepted and otherwise lawful form of conduct occurring solely for the purpose of or in support of fishing, hunting, or trapping; or wildlife management, wildlife or depredation control, or shooting preserve practices as regulated by state and federal law; or animal husbandry or agricultural practice involving livestock animals.
>    Unless you so find from the evidence beyond a reasonable doubt, or if you have a reasonable doubt thereof, you will find the defendant not guilty.

Following those paragraphs, the jury charge contained the following additional paragraph:

> To find the defendant guilty, you must find beyond a reasonable doubt that the defendant did then and there intentionally, knowingly, or recklessly abandon unreasonably an animal, to wit: a dog in the defendant's custody, by leaving the dog and not providing food, water, care or shelter and the defendant's conduct was not a generally accepted and otherwise lawful form of conduct occurring solely for the purpose of or in support of fishing, hunting, or trapping; or wildlife management, wildlife or depredation control, or shooting preserve practices as regulated by state and federal law; or animal husbandry or agricultural practice involving livestock animals. You are further charged that the defendant is not guilty of the offense alleged if the evidence presented does not prove beyond a reasonable doubt that the act was done either intentionally, knowingly, or recklessly. Also, you will find the defendant not guilty if, by the evidence presented, there is a reasonable doubt that cruelty to an animal occurred.

3

We review alleged jury-charge error in two steps:  first, we determine whether error exists; if error exists, we then review for harm. *Ngo v. State*, 175 S.W.3d 738, 743 (Tex. Crim. App. 2005); *Swearingen v. State*, 270 S.W.3d 804, 808 (Tex. App.—Austin 2008, pet. ref'd).  The trial court must charge the jury on the "law applicable to the case," which requires that the jury be instructed on each element of the offense charged.  *See* Tex. Code Crim. Proc. art. 36.14 (West 2007); *see also Dinkins v. State*, 894 S.W.2d 330, 339 (Tex. Crim. App. 1995) (because jury charge instructs jury on law applicable to case, it must contain accurate statement of law and set out all essential elements of offense).  The judge's duty to instruct the jury on the law applicable to the case exists even when defense counsel fails to object to inclusions or exclusions in the charge.  *Taylor v. State*, 332 S.W.3d 483, 486 (Tex. Crim. App. 2011).  The jury charge should tell the jury what law applies and how it applies to the case.  *Delgado v. State*, 235 S.W.3d 244, 249 (Tex. Crim. App. 2007).  Here, the trial court failed to correctly instruct the jury on the statutory element concerning the requisite mens rea.  The trial court erroneously included a mental state—"recklessly"—not contained in the statutory offense.[2]

The State concedes that the inclusion of the mental state "recklessly" in the jury charge was error because "[a]t the time of the offense, reckless cruelty to an animal was not an offense."  The State contends, however, that because the jury charge contained the applicable mental

---

[2] Both parties discuss the change to the cruelty-to-animals offense that added the culpable mental state of "recklessly" to the offense, effective September 1, 2007.  We note that after the 2007 changes in the law, section 42.09, "Cruelty to Animals," became "Cruelty to Livestock Animals" and section 42.092, "Cruelty to Nonlivestock Animals," applying to domestic animals, was enacted as a separate offense.  *See* Act of May 23, 2007, 80th Leg., R.S., ch. 886, §§ 1, 2, 2007 Tex. Gen. Laws 2163, 2163–66.

states of "intentionally" and "knowingly" along with the erroneous "recklessly" mental state, "no harm was done to the Appellant." We disagree.

The degree of harm required for reversal depends on whether the jury-charge error was preserved in the trial court. If the appellant objected to the error at trial, reversal is required if the error "is calculated to injure the rights of the defendant," which has been defined to mean that there is "some harm." *Barrios v. State*, 283 S.W.3d 348, 350 (Tex. Crim. App. 2009) (quoting *Almanza v. State*, 686 S.W.2d 157, 171 (Tex. Crim. App. 1984) (op. on reh'g)). In contrast, if the appellant did not object at trial, the error must be "fundamental," and reversal is required only if the error was so egregious and created such harm that the defendant "has not had a fair and impartial trial." *Id.*

Appellant did not object to the jury charge at trial. Thus, the error does not call for a reversal of the conviction unless it was so egregiously harmful under the circumstances as to have denied appellant a fair and impartial trial. *Delgado*, 235 S.W.3d at 249; *Almanza*, 686 S.W.2d at 171. Any harm that is inflicted by the erroneous charge must be "assayed in light of the entire jury charge, the state of the evidence, including the contested issues and weight of the probative evidence, the argument of counsel, and any other relevant information revealed by the record of the trial as a whole." *Almanza*, 686 S.W.2d at 171; *see Ngo*, 175 S.W.3d at 750 n.48. "Jury-charge error is egregiously harmful if it affects the very basis of the case, deprives the defendant of a valuable right, or vitally affects a defensive theory." *Stuhler v. State*, 218 S.W.3d 706, 719 (Tex. Crim. App. 2007) (citing *Hutch v. State*, 922 S.W.2d 166, 171 (Tex. Crim. App. 1996)). We engage in this assessment to illuminate the actual, not just theoretical, harm to the accused. *Almanza*, 686 S.W.2d at 174.

5

Egregious harm is a difficult standard to meet and must be determined on a case-by-case basis. *See Ellison v. State*, 86 S.W.3d 226, 227 (Tex. Crim. App. 2002); *Hutch*, 922 S.W.2d at 171.

Looking at the entirety of the jury charge, the erroneous inclusion of the mental state of "recklessly" occurred in multiple places in the jury charge. In addition to its inclusion in the abstract portion of the charge defining the offense of cruelty to animals and the applicable mental states, "recklessly" was also included in the application paragraph. The trial court further instructed the jury, "You are further charged that the defendant is not guilty of the offense alleged if the evidence presented does not prove beyond a reasonable doubt that the act was done *either* intentionally, knowingly, or recklessly." (Emphasis added.) This instruction emphasized the option of convicting appellant only on the basis of reckless conduct. The erroneous inclusion of the "recklessly" mental state was not "corrected or ameliorated" in another portion of the charge; rather, the error was consistently repeated throughout. *See Ngo*, 175 S.W.3d at 752. As a result, no portion of the jury charge accurately informed the jury that the State had to prove intentional or knowing conduct by appellant. As a whole, the jury charge authorized the jury to convict appellant of an offense that did not exist at the time of the alleged conduct: reckless cruelty to animals. We presume that the jurors understood and followed the court's instructions in the jury charge absent evidence to the contrary. *See Taylor*, 332 S.W.3d at 492; *Hutch*, 922 S.W.2d at 172. Consideration of the entirety of the jury charge weighs in favor of a finding of egregious harm.

Regarding the state of the evidence, the primary contested issue at trial was whether appellant owned the dogs and was the individual who abandoned them. Appellant did not testify, but her attorney challenged the testimony of the State's witnesses regarding this issue. We

6

acknowledge that appellant did not argue that she lacked the requisite culpable mental state to commit the offense. Nor did she suggest that she acted only recklessly. However, evidence in the record reflects that appellant attempted at some point to get a neighbor to take her dogs. In fact, that neighbor's husband testified that he "ended up with two dogs that came from that residence."[3] Moving away to attend school after attempting to provide alternative care for the dogs, although those attempts apparently failed, could constitute conduct that was reckless as opposed to intentional or knowing. *See* Tex. Penal Code Ann. §6.03(c) ("recklessness" defined, in part, as conduct committed by person who "is aware of but consciously disregards a substantial and unjustifiable risk" that her conduct will cause prohibited result). Thus, the state of the evidence weighs in favor of a finding of egregious harm.

We next address the arguments of counsel. During closing argument, both the prosecutor and appellant's counsel referred to the requirement that appellant act "intentionally, knowingly, or recklessly." Therefore, the argument of both parties contributed to a misunderstanding of the State's burden of proof. The prosecutor argued, "We had to prove that she knowingly, intentionally or wrecklessly [sic] abandoned the animals." Appellant's counsel argued,

> So it only takes one reasonable doubt on one of these elements. With regard to my client, the state only has to prove that she recklessly abandoned those dogs. They can prove that she intentionally, knowingly or wrecklessly [sic] abandoned the dogs but I submit to you that none of the evidence that you heard today comes together to show beyond a reasonable doubt that my client wrecklessly [sic] abandoned any dogs.

---

[3] The record does not indicate when he obtained these dogs or whether these were the same dogs later recovered by the animal control officer.

7

Both parties misinformed the jury, asserting that reckless conduct supported a conviction for the offense charged against appellant. Consequently, the jury was misled by the arguments of counsel. The arguments of counsel weigh in favor of a finding of egregious harm.

In our review of the record, we note that when appellant's counsel addressed the venire panel in voir dire, she stated,

> Now in this particular case, cruelty to animals, there is -- and in this particular case the state is gonna' have to prove that my client, Priscilla Limon intentionally, knowingly or wrecklessly [sic], that's an element, abandoned, unreasonably, a dog in the Defendant's custody leaving the dog by not providing food, water, care or shelter, that will be number eight.

Also, in the State's opening statement, the prosecutor told the jury, "So we have to prove the date, on or about. Where it happened. Who the Defendant is. Whether she acted intentionally, knowingly or wrecklessly [sic] by abandoning unreasonably, these animals." Subsequently, during the State's case-in-chief, the prosecutor asked the animal control officer, "Is it your opinion or based on your investigation, that the Defendant intentionally, knowingly or wrecklessly [sic], unreasonably abandoned these dogs?" Thus, the record reflects that beginning with voir dire and continuing throughout the course of trial, the jury was misinformed about the mens rea element of the offense and presented with the possibility that reckless cruelty to animals was an offense of which appellant could be convicted. This additional relevant information in the record weighs in favor of a finding of egregious harm.

Appellant was "entitled to be convicted upon a correct statement of the law." *Hutch*, 922 S.W.2d at 174. A jury that followed the trial judge's instructions would consider the evidence

8

presented at trial to determine whether appellant acted intentionally, knowingly, *or* recklessly. After considering the entire charge, the evidence, the argument of counsel, and other relevant information revealed by the record, we cannot conclude, as the State argues, that the jury-charge error did not rise to the level of egregious harm. Based on our review of the record and the *Almanza* factors, we conclude that appellant was denied a fair and impartial trial. Jury-charge error is egregiously harmful if it affects the very basis of the case or deprives the defendant of a valuable right. *See Stuhler*, 218 S.W.3d 719. Here, the error in the jury charge "affected the very basis of the case" in that it allowed the jury to convict appellant of an offense that did not exist at the time of the alleged conduct: reckless cruelty to animals. We hold that the submission of the erroneous jury charge—authorizing the jury to convict appellant for reckless conduct when the statute required intentional or knowing conduct—egregiously harmed appellant. Accordingly, we sustain appellant's second point of error.[4]

## CONCLUSION

Having concluded that appellant suffered egregious harm due to the complained-of jury-charge error, we reverse appellant's judgment of conviction and remand the cause to the trial court for further proceedings.

---

[4] In light of our disposition of this point of error, we need not and do not address appellant's remaining points of error, which complain about defects in the information and an illegal sentence. *See* Tex. R. App. P. 47.1.

9

_____

J. Woodfin Jones, Chief Justice

Before Chief Justice Jones, Justices Pemberton and Henson
    Dissenting Opinion by Justice Pemberton

Reversed and Remanded

Filed:   November 2, 2012

Do Not Publish