

# IN THE
# TENTH COURT OF APPEALS

_____

### No. 10-17-00338-CR
### No. 10-17-00339-CR
### No. 10-17-00340-CR
### No. 10-17-00341-CR

**DENNIS RAY AVERY,**

                                                    **Appellant**

 **v.**

**THE STATE OF TEXAS,**

                                                    **Appellee**

_____

### From the 443rd District Court
### Ellis County, Texas
### Trial Court No's. 41446CR, 41447CR, 41517CR & 41445CR

_____

## MEMORANDUM OPINION

_____

Dennis Avery appeals from five convictions for aggravated sexual assault of a child under the age of six. TEX. PENAL CODE ANN. § 22.021 (West 2011). Avery pled guilty to the offenses but a jury assessed punishment. Avery complains that the jury charges in each proceeding were erroneous because they did not have an instruction regarding

extraneous offenses and bad acts.[1] Because we find that, although the jury charges were erroneous, Avery was not egregiously harmed by the failure, and therefore the judgments are affirmed.

PROCEDURAL HISTORY AND FACTS

Avery was charged with committing aggravated sexual assault against five girls who were in the care of his wife who operated a day care. Avery confessed to the offenses after he was caught by his wife with one of the victims. Avery admitted to sexually assaulting all of the victims except one on multiple occasions. A sixth victim was also included in Avery's confessions, but he was not charged with any offense relating to the sixth victim.

Avery pled guilty to five offenses which related to five of the victims. At the punishment trial before the jury, evidence was presented regarding Avery's confessions, what his wife saw when she discovered him, DNA evidence discovered on one of the victims, and parental testimony regarding the impact of his actions on all six of the victims' behavior because they were all very young at the time of the offenses. Avery also admitted that his behavior was escalating with his victims from oral sex to plans to have intercourse with them. Avery had been doing internet searches regarding hymens and pregnancy in young children. Avery testified that if someone had committed such an offense against his child or grandchild that they should go to prison for life. Avery

_____

[1] Avery was charged in four indictments. Three of the indictments included one count relating to one victim. The fourth indictment had two counts based on two victims. The offenses were tried together. Therefore, there are four separate jury charges at issue in these appeals.

had admitted to an investigating officer that he would continue abusing children if he had access to them in the future.

The jury found that Avery's punishment should be assessed at terms of "Life" in prison and a $10,000 fine on each of the five offenses. The trial court sentenced him according to the jury's verdict and found that the sentences should be served consecutively.

JURY CHARGE ERROR

In his sole issue, Avery complains that the trial court erred by failing to *sua sponte* include an instruction regarding extraneous offenses in each jury charge. In the punishment stage, the trial court has a duty to *sua sponte* instruct the jury about extraneous crimes or bad acts. TEX. CODE CRIM. PROC. ANN. art. 37.07(3)(a)(1) (West 2006). Particularly, the trial judge must instruct the jury that it must believe the evidence of extraneous bad acts has been shown beyond a reasonable doubt to consider the bad acts in sentencing. *Id.*; TEX. CODE CRIM. PROC. ANN. art. 36.14 (West 2007); *Huizar v. State*, 12 S.W.3d 479, 484 (Tex. Crim. App. 2000).

In the jury charges, it is undisputed that the trial court did not instruct the jury that they could only consider extraneous acts if they found them to be true beyond a reasonable doubt. Thus, we find that the trial court erred because it did not give the reasonable doubt instruction in the punishment charges. *See* TEX. CODE CRIM. PROC. art. 37.07(3)(a)(1) (West 2006); TEX. CODE CRIM. PROC. art. 36.14 (West 2007); *Huizar*, 12 S.W.3d at 484 (Tex. Crim. App. 2000).

Because Avery did not timely object to the alleged error in the jury charges, reversal is required only if the error was so egregious and created such harm that Avery was denied a fair and impartial trial. *Marshall v. State*, 479 S.W.3d 840, 843 (Tex. Crim. App. 2016). With respect to the trial court's failure to provide a reasonable doubt instruction concerning extraneous offenses in the jury charges, the harm we must consider "is the impact of the omission in the jury charge of a reasonable-doubt instruction," not the harm in the admission of the evidence itself. *Ellison v. State*, 86 S.W.3d 226, 228 (Tex. Crim. App. 2002). Error is egregiously harmful only if it affects the very basis of the case, deprives the defendant of a valuable right, or vitally affects a defensive theory. *Marshall*, 479 S.W.3d at 843. This is a difficult standard to meet. *Marshall*, 479 S.W.3d at 843. In conducting our review for "some harm" or egregious harm, neither Avery nor the State bears the burden on appeal to show harm or lack thereof. *Rogers v. State*, 550 S.W.3d 190, 191 (Tex. Crim. App. 2018). Rather, this Court must examine the relevant portions of the entire record — the entire jury charges, the state of the evidence, arguments of counsel, and other relevant record information — to determine whether Avery suffered actual, as opposed to theoretical, harm as a result of the error. *Rogers*, 550 S.W.3d at 192.

Avery argues that he was harmed because the instruction was not previously given in the guilt-innocence phase of the trial, which occurred because he pled guilty to all of the charged offenses. Avery further argues that the State's closing arguments referenced the sixth victim in several instances, including a request for the jury to render

a verdict of "life" for the six little girls rather than the five for which he was being punished, and that he was harmed because the jury did in fact sentence him to the maximum sentence allowed for the offenses. Avery also contends that he was harmed by the sixth victim's mother's testimony regarding the offense and its effect on the victim and her family. All of these arguments relate largely to complaints of the admission of the evidence rather than the omissions of the instruction in the jury charges. Avery does not contend that the evidence of the extraneous offense, including testimony that Avery had confessed multiple times to different people that he had committed the extraneous offense, was not sufficient for the jury to find that it occurred beyond a reasonable doubt.

Considering the state of the evidence, the arguments of counsel, and the nature of the asserted charge errors, we conclude that the omissions of the reasonable doubt instruction relating to extraneous offenses did not deprive Avery of a fair and impartial trial. *See Marshall*, 479 S.W.3d at 843. We overrule Avery's sole issue.

CONCLUSION

Having found that Avery was not egregiously harmed by the omitted instruction in the jury charges, we affirm the judgments of the trial court.

TOM GRAY
Chief Justice

Before Chief Justice Gray,
     Justice Davis, and
     Senior Justice Scoggins[2]
Affirmed
Opinion delivered and filed February 27, 2019
Do not publish
[CRPM]



---

[2] The Honorable Al Scoggins, Senior Justice of the Tenth Court of Appeals, sitting by assignment of the Chief Justice of the Texas Supreme Court. *See* TEX. GOV'T CODE ANN. §§ 74.003, 75.002, 75.003 (West 2013).