# COURT OF APPEALS
## SECOND DISTRICT OF TEXAS
## FORT WORTH


NO. 2-08-254-CR
NO. 2-08-255-CR
NO. 2-08-256-CR
NO. 2-08-257-CR


SAMUEL AGUILERA                                                          APPELLANT

V.

THE STATE OF TEXAS                                                          STATE

------------

FROM CRIMINAL DISTRICT COURT NO. 3 OF TARRANT COUNTY

------------

## MEMORANDUM OPINION[1]

------------

A jury convicted Appellant Samuel Aguilera upon his pleas of guilty to two counts of burglary of a habitation and two counts of aggravated robbery with a deadly weapon, with each offense charged in a separate indictment. The jury assessed his punishment at ten years' confinement in each of the

---

[1]  *See* Tex. R. App. P. 47.4.

burglary cases and thirty years' confinement in each of the aggravated robbery cases. The trial court sentenced him accordingly and ordered all four sentences to be served concurrently.

In one issue, Appellant argues that the trial court committed reversible error by failing to give sua sponte a limiting instruction that the jury could consider the extraneous offenses only if the extraneous offenses were proved beyond a reasonable doubt. It is uncontested that such failure was error. But because the error did not result in egregious harm to Appellant, we affirm the trial court's judgments.

Appellant admitted that he had participated in the burglary of two separate homes and in two separate aggravated robberies in which a firearm was used. The two robberies took place on the parking lots of two apartment complexes in Arlington, Texas. During the first robbery, Francisco Rodriguez, who identified himself to the police at the time as Javier Barron, and his wife, Christina, were parked in the parking lot of their apartment complex. The couple was approached by two Hispanic males, and one pointed a firearm at them. When the two men tried to take Rodriguez's property, he fought them, and two shots were fired. The couple later identified Appellant as one of the robbers.

Shortly after the first robbery, a teenager was putting his Play Station Portable (PSP) in a car in the parking lot of his apartment complex when two

2

Hispanic males, one of whom was Appellant, approached with a firearm. They asked the teenager if he had anything and then searched his pockets and the car, finding the PSP. One of the robbers assaulted the teenager.

Arlington Police Officer Jonathan Mohr responded to the robbery call and saw two Hispanic males matching the description that had been broadcast. As the officer approached the men, Appellant started running. Officer Mohr caught him, and the teenager identified Appellant as one of the robbers.

When Appellant's SUV was searched, the police officers discovered property taken in the burglaries. The complainants in the two burglary cases testified that their homes had been burglarized and that the property taken from Appellant's SUV was theirs.

Because the only issue for the jury to decide was that of punishment, the State called Tempie Johnson to testify that she had been robbed at gunpoint in front of her home and that a shot had been fired at her vehicle. The shot penetrated the door and lodged in the front seat of her vehicle. She identified Appellant as on of the robbers by his ears.

Appellant took the stand and admitted that he had committed the primary offenses, but he strenuously and repeatedly denied that he had committed the extraneous robbery of Tempie Johnson. Appellant personally asked the jury for community supervision in each of the four cases. In final argument, defense counsel asked for community supervision. The prosecutor argued that

3

community supervision was not appropriate and reminded the jury of the extraneous robbery of Tempie Johnson.  The jury charge did not contain an instruction that the jury could consider the extraneous offense only if they believed beyond a reasonable doubt that Appellant had committed it.  Appellant did not request the instruction and did not object to the jury charge for failure to include the instruction.

Article 37.07, section 3(a)(1) of the code of criminal procedure requires the trial court to instruct the jury that they cannot consider extraneous offenses unless they believe beyond a reasonable doubt that the defendant committed those extraneous offenses.[2]  The court of criminal appeals has held that the instruction does not require a request, but rather, that the trial court must give the instruction sua sponte.  Failure to give the instruction is error.[3]  As the State candidly concedes, the trial court erred by failing to give the required instruction sua sponte.

Because such failure constitutes charge error, we apply the standard enunciated in *Almanza v. State*.[4]  Appellant did not object to the failure of the

---

[2] Tex. Code Crim. Proc. Ann. art. 37.07, § 3(a)(1) (Vernon Supp. 2008).

[3] *Huizar v. State*, 12 S.W.3d 479, 484 (Tex. Crim. App. 2000) (op. on reh'g).

[4] 686 S.W.2d 157, 171–72 (Tex. Crim. App. 1985) (op. on reh'g); *see also Huizar*, 12 S.W.3d at 484.

trial court to include the instruction and did not request the instruction. *Almanza* mandates an analysis of the record to determine whether the charge error caused Appellant egregious harm.[5] Egregious harm is harm that affects the very basis of the case, deprives the defendant of a valuable right, or vitally affects a defensive theory.[6]

In making an egregious harm determination, "the actual degree of harm must be assayed in light of the entire jury charge, the state of the evidence, including the contested issues and weight of probative evidence, the argument of counsel and any other relevant information revealed by the record of the trial as a whole."[7] The purpose of this review is to illuminate the actual, not just theoretical, harm to the accused.[8] Egregious harm is a difficult standard to prove and must be determined on a case-by-case basis.[9]

Considering the entire record and the entire jury charge, we note that the issue of the extraneous offense was hotly contested by Appellant. Only one

---

[5] *Almanza*, 686 S.W.2d at 171; *see* Tex. Code Crim. Proc. Ann. art. 36.19 (Vernon 2007); *Allen v. State*, 253 S.W.3d 260, 264 (Tex. Crim. App. 2008); *Hutch v. State*, 922 S.W.2d 166, 171 (Tex. Crim. App. 1996).

[6] *Allen*, 253 S.W.3d at 264 & n.15; *Olivas v. State,* 202 S.W.3d 137, 144, 149 (Tex. Crim. App. 2006); *Almanza,* 686 S.W.2d at 172.

[7] *Almanza*, 686 S.W.2d at 171; *see generally Hutch*, 922 S.W.2d at 172–74.

[8] *Almanza*, 686 S.W.2d at 174.

[9] *Ellison v. State*, 86 S.W.3d 226, 227 (Tex. Crim. App. 2002); *Hutch*, 922 S.W.2d at 171.

prosecutor, however, argued the extraneous offense to the jury, and that argument was minimal.

The State did not otherwise emphasize the extraneous offense. The jury heard about four felony offenses committed in a very short period of time—a crime spree spawned by Appellant's desire for drugs and to pay for his vehicle. The jury heard about the assault of a teenager, a firearm's being wielded and actually fired, and a struggle with Rodriguez for his property. Despite the exhibition of a firearm in both charged robberies, its firing in one robbery, and physical assaults in both robberies, the jury assessed only a thirty-year sentence for each aggravated robbery conviction.[10] And the jury assessed a sentence of only ten years' confinement in each of the burglary of a habitation cases, not an extraordinarily high sentence.[11]

Although the State did not prove that Appellant had previously been convicted of any offense, and although Appellant was only seventeen years old at the time he committed the offenses, we hold that the omission of the required jury instruction did not egregiously harm Appellant. It is not our job to

---

[10] *See* Tex. Penal Code Ann. §§ 12.32(a) (providing range of confinement for first degree felony is life or any term of not more than 99 years or less than 5 years), 29.03(b) (providing that aggravated robbery is first degree felony) (Vernon 2003).

[11] *See id.* §§ 12.33(a) (providing range of confinement for second degree felony is from not less than two to not more than twenty years), 30.02(c)(2) (providing that burglary of a habitation is a second degree felony).

6

consider the possible harm to Appellant caused by the admission of evidence of the extraneous offense;  the harm which we must consider is the impact of the omission in the jury charge of a reasonable-doubt instruction.[12]  Applying the factors required by *Almanza* to the question of the impact of the omission of that instruction, we conclude that any harm to Appellant caused by the omission of the reasonable-doubt instruction does not rise to the level of egregious harm.  We, therefore, overrule Appellant's sole issue and affirm the trial court's judgments.

LEE ANN DAUPHINOT
JUSTICE

PANEL:  CAYCE, C.J.; DAUPHINOT and MEIER, JJ.

DO NOT PUBLISH
Tex. R. App. P. 47.2(b)

DELIVERED:  July 9, 2009

---

[12] *See Ellison*, 86 S.W.3d at 228.

7