

# COURT OF APPEALS
## SECOND DISTRICT OF TEXAS
### FORT WORTH

NO. 2-09-113-CR

PAUL COY                                                      APPELLANT

V.

THE STATE OF TEXAS                                                STATE

------------

FROM THE 211TH DISTRICT COURT OF DENTON COUNTY

------------

## MEMORANDUM OPINION[1]

------------

### I. INTRODUCTION

A jury found Appellant Paul Coy guilty of delivery of a controlled substance and assessed his punishment at fifty years' imprisonment and a $10,000 fine. The trial court sentenced him accordingly. In two points, Coy argues that the trial court violated his right to due process by denying his

---

[1] *See* Tex. R. App. P. 47.4.

request to admonish a witness for the State on her privilege against self-incrimination and that the trial court erred by admitting extraneous offense evidence during the punishment stage of his trial. We will affirm.

## II. FACTUAL AND PROCEDURAL BACKGROUND

Rachel Richardson was arrested for possession of marijuana and agreed to assist The Colony Police Department in a "sting" operation in exchange for "help" with the charges against her. Richardson's roommate, Paige Lorimer, also agreed to work with the police. Lorimer and Richardson arranged a drug deal to purchase twenty-five OxyContin pills from their supplier, Coy, for $150. Police arrested Coy after the sale took place.

During the punishment stage of Coy's trial, Lorimer testified for the State. When the State asked if "would it be fair to say that" Coy had supplied her with drugs for approximately two months prior to his arrest, defense counsel asked that the jury be excused. Outside the jury's presence, defense counsel stated,

> I believe Ms. Lorimer may need to be admonished as to her right to remain silent since it appears that [the State] may be going into offenses that the police were not involved in where she does not have the police protection as a confidential informant and is subjecting herself to possible criminal prosecution for those cases.

The State responded,

2

> I don't believe she [Lorimer] can be prosecuted for possession of a controlled substance without having obtained the controlled substance. We have no lab reports. We have no—no type of evidence to proceed. I don't believe there's going to be any evidence elicited that she had delivered, or anything like that, a controlled substance, so I don't know what particular offense could be charged, unless you know something I don't that you're talking about.

The State also said that it was not offering Lorimer any immunity for her testimony. The trial court asked whether she was represented by an attorney, to which she responded that she was not. The trial court then asked if she understood what the State and the defense counsel were talking about "as far as opening yourself up to some sort of criminal prosecution in the future," to which Lorimer responded, "Kind of." The trial court denied Coy's request for an admonishment.[2] Over defense counsel's objection, Lorimer testified that Coy had supplied her with drugs "[m]aybe every other week" for the two months leading up to his arrest.

### III. DUE PROCESS

In his first point, Coy argues that the trial court violated his right to due process by denying his request to admonish Lorimer on her Fifth Amendment privilege against self-incrimination.

---

[2] Defense counsel also objected that the testimony was inadmissible extraneous offense evidence because it could not be established beyond a reasonable doubt.

Witnesses are protected from mandatory self-incrimination under the state and federal constitutions. *See* U.S. Const. amend. V; Tex. Const. art. I, § 10; *see also Thomas v. State*, 723 S.W.2d 696, 704 (Tex. Crim. App. 1986) (holding that state and federal privileges against self-incrimination are comparable in scope).

A trial court has no obligation to caution a witness regarding the perils of self-incriminating testimony. *See Knotts v. State*, 61 S.W.3d 112, 116 (Tex. App.—Houston [14th Dist.] 2001, pet. ref'd). A court may, in the interest of fairness to a witness, caution the witness when he is unwittingly incriminating himself or, due to unusual circumstances, is likely to commit perjury. *Id.* (citing *Safari v. State*, 961 S.W.2d 437, 443 (Tex. App.—Houston [1st Dist.] 1997, pet. ref'd, untimely filed). The better practice, however, is for a trial court not to admonish a witness of the inherent risks in testifying because such warnings may infringe upon an accused's right to due process. *Safari*, 961 S.W.2d at 444. In other words, what the trial court intends as a helpful admonishment may be perceived by the putative witness as a coercive threat. *Knotts*, 61 S.W.3d at 117; *see Webb v. Texas*, 409 U.S. 95, 98, 93 S. Ct. 351, 353 (1972) (holding trial court's sua sponte warnings to defendant's only witness were "threatening remarks" that "effectively drove that witness off the stand" and deprived defendant of due process).

Here, because the trial court was not required to inform Lorimer of her privilege against self-incrimination, no error occurred when the trial court did not do so. *See Knotts*, 61 S.W.3d at 116; *Safari*, 961 S.W.2d at 443. Additionally—as Coy aptly points out on appeal—only Lorimer could assert her Fifth Amendment right, and Coy could not require her to assert that right. *See Dunn v. State*, 696 S.W.2d 561, 567 (Tex. Crim. App. 1985) ("[A]n accused's right against self-incrimination is personal, and cannot be invoked or waived by anyone other than the accused."), *cert. denied*, 475 U.S. 1089 (1986), *implicit overruling on other grounds recognized by Goodwin v. State*, 799 S.W.2d 719 (Tex. Crim. App. 1990). We cannot see how the trial court's refusal to warn Lorimer of the dangers of self-incrimination violated Coy's due process rights. We overrule Coy's first point.

## IV. EXTRANEOUS OFFENSE EVIDENCE

In his second point, Coy argues that the trial court erred by allowing Lorimer to testify about previous drug transactions between herself and Coy. Specifically, Coy argues that a jury could not have rationally believe that Coy committed those extraneous acts beyond a reasonable doubt or that he could be held criminally liable for those acts.

A trial court's decision to admit evidence is reviewed under an abuse of discretion standard. *Ellison v. State*, 86 S.W.3d 226, 227 (Tex. Crim. App.

2002); *Mitchell v. State*, 931 S.W.2d 950, 953 (Tex. Crim. App. 1996), *cert. denied*, 536 U.S. 915 (2001). The reviewing court may reverse the trial court's decision only if the ruling is outside the zone of reasonable disagreement. *Ford v. State*, 919 S.W.2d 107, 115 (Tex. Crim. App. 1996); *Montgomery v. State*, 810 S.W.2d 372, 391 (Tex. Crim. App. 1991) (op. on reh'g).

The admissibility of evidence at punishment is guided largely by article 37.07, section three of the Texas Code of Criminal Procedure. *Haley v. State*, 173 S.W.3d 510, 513 (Tex. Crim. App. 2005). Under this section, the State may offer in evidence any matter the trial court deems relevant to sentencing. *See* Tex. Code Crim. Proc. Ann. art. 37.07, § 3(a)(1) (Vernon Supp. 2009). The State may introduce evidence of an extraneous offense or bad act provided the act is proven beyond a reasonable doubt to have been committed by the defendant or for which he could be held criminally responsible. *Id.*

The trial court must make the threshold determination of admissibility of extraneous offense evidence. *Mitchell*, 931 S.W.2d at 954; s*ee Jordan v. State*, 271 S.W.3d 850, 855 (Tex. App.—Amarillo 2008, pet. ref'd). "Before the jury can consider this evidence in assessing punishment, it must be satisfied beyond a reasonable doubt that the acts are attributable to the defendant." *Haley*, 173 S.W.3d at 515 (citing *Huizar v. State*, 12 S.W.3d 479, 482–83 (Tex. Crim. App. 2000)). The court of criminal appeals has held that the

statutory burden of proof applies to a defendant's involvement in the act itself, not to the elements of a crime necessary for a finding of guilt. *Id.*

In this case, Lorimer testified at the guilt-innocence stage of Coy's trial that she had known Coy for approximately three months and that during that time, she saw him "often." At the punishment stage of trial, she further testified that he was her drug dealer during that time period. We conclude that this evidence is sufficient to prove beyond a reasonable doubt that this bad act was attributable to Coy. *See Haley*, 173 S.W.3d at 515. Consequently, we hold that the trial court did not abuse its discretion by admitting this evidence during the punishment stage of Coy's trial. *See Ellison*, 86 S.W.3d at 227; *Mitchell*, 931 S.W.2d at 953. We overrule Coy's second point.

## V. CONCLUSION

Having overruled Coy's two points, we affirm the trial court's judgment.

SUE WALKER
JUSTICE

PANEL: LIVINGSTON, DAUPHINOT, and WALKER, JJ.

DO NOT PUBLISH
Tex. R. App. P. 47.2(b)

DELIVERED: February 11, 2010

7