COURT OF APPEALS

                                                 SECOND
DISTRICT OF TEXAS

                                                                FORT
WORTH

 

 

                                        NO.
2-08-358-CR

 

 

ROLANDO BAZANES                                                            APPELLANT

 

                                                   V.

 

THE STATE OF TEXAS                                                                STATE

 

------------

 

FROM THE 362ND DISTRICT
COURT OF DENTON COUNTY

 

------------

 

OPINION

 

------------

I.
Introduction








A jury
found Appellant Rolando Bazanes guilty of three counts of indecency with a
child and assessed his punishment at twelve years=
imprisonment for each count.  The trial
court sentenced him accordingly, ordering that the sentences run
consecutively.  In four points, Bazanes
argues that the jury charge was erroneous, that the evidence was legally
insufficient to support his conviction, and that his defense counsel was
ineffective.  We will affirm.

II.  Factual and Procedural Background

E.C.B.,
who was twelve years old at the time, and her younger sister B.B. were visiting
their father, Bazanes, in Denton for two weeks. 
Bazanes operated an assisted-living business in his home; there was no
bedroom for the girls in the home, and he and his daughters slept in a large
closet.  The night before the girls were
to return to their home in McAllen, E.C.B. awoke to Bazanes trying to kiss her
and trying to put his tongue in her mouth. 
Bazanes put his hand under her underwear and touched her genitals and
put his hand under her shirt and grabbed her breast.  He also pulled down his pajama pants, took
E.C.B.=s hand,
and placed it on his penis.  He asked
E.C.B. to kiss him back, to which E.C.B. said, A[N]o.@  E.C.B. made a movement, and Bazanes stopped
touching her. 

The next
morning B.B. could tell that her sister had been crying.  She asked E.C.B. what was wrong, and her
sister responded that she would tell her later. 
On the flight back to McAllen, E.C.B. told B.B. what had happened.








E.C.B.=s aunt
noticed that E.C.B. was not acting normally after her visit to see
Bazanes.  Over a month after the
incident, E.C.B. told her aunt what had happened, and the following day, they
contacted the police.  Detectives
Virginia Nichols and Shane Kizer, who investigate crimes against children for
the Denton Police Department, interviewed Bazanes.  Bazanes initially denied any touching or
kissing, but by the end of the approximately three-and-one-half-hour interview,
he admitted to kissing E.C.B., but he claimed that E.C.B. had initiated it and
that he had moved her off of him when she started kissing him.  He ultimately admitted that when he moved
E.C.B. off of him, he Afelt something,@ and
when asked if it was E.C.B.=s
vagina, he said, AYes.@  Bazanes could not explain how he had
accidentally touched E.C.B. under her clothing. 


A Sexual
Assault Nurse Examiner (ASANE@)
examined E.C.B. approximately two months after the incident.  The SANE nurse who examined E.C.B. did not
testify at Bazanes=s trial, but another SANE nurse
testified that the results of the examination showed blunt force trauma to
E.C.B.=s hymen.[1]  She explained that the injury could have been
caused by penetration of a finger, a penis, or another object. 








At
Bazanes=s trial,
E.C.B. testified that when her father touched her, she was uncomfortable and
scared.  She testified that Bazanes was
breathing hard, that his penis felt Ahard,@ and
that he moved her hand Aa little@ over
his penis. She also testified that when she was about five years old, Bazanes
had kissed her neck and grabbed her buttocks when they were alone.  

III.  Jury Charge

In his
first and second points, Bazanes complains that the jury charge was
erroneous.  Bazanes acknowledges that his
defense counsel did not object to the jury charge,[2]
but he argues that he was egregiously harmed by these errors. We will address
each of his complaints separately below. 

A. 
Standard of Review 

Appellate
review of error in a jury charge involves a two-step process. Abdnor v.
State, 871 S.W.2d 726, 731 (Tex. Crim. App. 1994); see Sakil v. State,
287 S.W.3d 23, 25B26 (Tex. Crim. App. 2009).  Initially, we must determine whether error
occurred.  See Abdnor, 871 S.W.2d
at 731B32.  If it did, we must then evaluate whether
sufficient harm resulted from the error to require reversal.  Id.








If there
is error in the court=s charge but the appellant did
not preserve it at trial, we must decide whether the error was so egregious and
created such harm that the appellant did not have a fair and impartial trialCin
short, that Aegregious harm@ has
occurred.  Almanza v. State, 686
S.W.2d 157, 171 (Tex. Crim. App. 1985) (op. on reh=g);
see Tex. Code Crim. Proc. Ann. art. 36.19 (Vernon 2006); Allen v. State,
253 S.W.3d 260, 264 (Tex. Crim. App. 2008); Hutch v. State, 922 S.W.2d
166, 171 (Tex. Crim. App. 1996). 
Egregious harm is the type and level of harm that affects the very basis
of the case, deprives the defendant of a valuable right, or vitally affects a
defensive theory.  Allen, 253
S.W.3d at 264 & n.15; Olivas v. State, 202 S.W.3d 137, 144, 149
(Tex. Crim. App. 2006); Almanza, 686 S.W.2d at 172.

In
making an egregious harm determination, Athe
actual degree of harm must be assayed in light of the entire jury charge, the
state of the evidence, including the contested issues and weight of probative
evidence, the argument of counsel and any other relevant information revealed
by the record of the trial as a whole.@  Almanza, 686 S.W.2d at 171; see
generally Hutch, 922 S.W.2d at 172B74.  The purpose of this review is to illuminate
the actual, not just theoretical, harm to the accused.  Almanza, 686 S.W.2d at 174.  Egregious harm is a difficult standard to prove
and must be determined on a case-by-case basis. 
Ellison v. State, 86 S.W.3d 226, 227 (Tex. Crim. App. 2002); Hutch,
922 S.W.2d at 171. 

B.  Jury
Charge on Culpable Mental State








In his
first point, Bazanes argues that the jury charge erroneously allowed the jury
to convict him of indecency with a child for Aintentionally
or knowingly@ engaging in sexual contact with
E.C.B., although the proper mens rea for the offense is the specific intent Ato
arouse or gratify the sexual desire of any person.@  Tex. Penal Code Ann. ' 21.11(c)
(Vernon Supp. 2009).  The State admits
error but argues that Bazanes did not suffer egregious harm as a result of the
error.

The
elements of indecency with a child are that the accused (1) engaged in Asexual
contact,@ (2)
with a child, (3) younger than seventeen years of age, (4) whether the child is
of the same or opposite sex.  See id.
'
21.11(a)(1). ASexual contact@ means
the following acts, if committed with the intent to arouse or gratify the
sexual desire of any person: (1) any touching by a person, including
touching through clothing, of the anus, breast, or any part of the genitals of
a child; or (2) any touching of any part of the body of a child, including
touching through clothing, with the anus, breast, or any part of the genitals
of a person.  Id. '
21.11(c).       








In this
case, the abstract portion of the jury charge provided: AOur law
provides that a person commits an offense if, with a child younger than 17
years old and not his spouse, whether the child is the same or opposite sex, he
engages in sexual contact with the child.A  It also defined Asexual
contact@ as Aany
touching of any part of the genitals or breasts of another person with
intent to arouse or gratify the sexual desire of any person.@  [Emphasis added.]  Although the abstract portion of the charge
did not use the terms Aintentionally@ or Aknowingly@ in
defining the applicable substantive law, it included full statutory definitions
of Aintentionally@ and Aknowingly.@  

The
application portion of the jury charge allowed the jury to convict Bazanes of
indecency with a child if it found beyond a reasonable doubt that Awith the
intent to arouse or gratify [his] sexual desire, [he] . . . intentionally or
knowingly engage[d] in sexual contact with [E.C.B.]@ by
touching her breasts (Count 1), by touching her genitals (Count 2), or by
causing her to touch his genitals (Count 3).[3]  [Emphasis added.]








We have
seen this charge language beforeCalso
from a case out of Denton CountyCand have
held that it constituted charge error.  See Chiodo v. State, No. 02-06-00096-CR,
2007 WL 1952375, at *4 (Tex. App.CFort
Worth July 5, 2007, pet. ref=d) (mem.
op., not designated for publication).  In
Chiodo, we reasoned that A[b]ecause
the application paragraph disjunctively listed the culpable mental states of
knowingly and intentionally with the specific intent necessary to complete the
crime, the jury could have convicted Appellant without consideration of whether
he acted with the proper mens rea required by statute.@  Id. (citing Rodriguez v. State,
24 S.W.3d 499, 502 (Tex. App.CCorpus
Christi 2000, pet. ref=d)); see also Jones v. State,
229 S.W.3d 489, 492 (Tex. App.CTexarkana
2007, no pet.) (finding error when charge Astated
that indecency with a child is committed if the person intentionally or
knowingly engages in sexual contact with a child@).  As in Chiodo, we find error in the
charge, and we will review the record to determine whether this error
egregiously harmed Bazanes in light of the entire jury charge, the state of the
evidence, the arguments of counsel, and any other relevant information.  See Almanza, 686 S.W.2d at 171. 








Looking
at the charge as a whole, the abstract portion accurately stated the
substantive law on the offense of indecency with a childCincluding
the specific intent to arouse or gratifyCthus
informing the jury of what the State had and did not have to prove.  See Chiodo, 2007 WL 1952375, at
*4.  Although the charge defined @intentionally@ and Aknowingly@ and
included those terms in the application portion of the charge, it did not
include them in the abstract portion of the charge setting forth the
substantive law of indecency with a child. 
Moreover, the charge included the required specific intent to arouse or
gratify in the application portion, along with the erroneous Aintentionally
and knowingly@ language.  The charge also correctly addressed extraneous
offense evidence, the indictment, statements of the court and of counsel, the
presumption of innocence, the credibility of witnesses and weight to be given
their testimony, and the burden of proof. 
Consequently, within the context of the entire jury charge, the
erroneous application paragraph appears less harmful.  See id.; see also Fulcher v. State,
274 S.W.3d 713, 718B19 (Tex. App.CSan
Antonio 2008, pet. ref=d) (holding that error in
omitting requisite mental state from application paragraph of charge did not
result in egregious harm). 

Regarding
the state of the evidence, the primary contested issue at trial was whether
E.C.B=s
testimony was credible.  As we explain
more fully in addressing Bazanes=s third
point below, the specific intent required for the offense of indecency with a
child may be inferred from Bazanes=s
conduct, his remarks, and all of the surrounding circumstancesCspecifically
from E.C.B.=s testimony in this regard.  See McKenzie v. State, 617 S.W.2d 211,
216 (Tex. Crim. App. [Panel Op.] 1981). The jury, as the sole judge of the
credibility of the witnesses and the weight to be given their testimony, could
have inferred Bazanes had the intent to arouse or gratify his sexual desire
from E.C.B.=s testimony about the
incident.  See id.








In
conducting our egregious harm analysis, we next address the arguments of
counsel.  During its closing argument,
the State did not refer to any requirement that Bazanes act intentionally or
knowingly.  See Jones, 229 S.W.3d
at 494; cf. Ngo v. State, 175 S.W.3d 738, 751 (Tex. Crim. App. 2005)
(finding egregious harm in jury charge error when prosecutor and trial court
repeatedly misstated law).  Instead, the
State correctly discussed the requisite specific intent when discussing the
elements of indecency with a child:

The next thing was the intent to arouse or
gratify.  We talked about, well, how is .
. . evidence of that shown?  There=s not going to be an
expert to come in here and tell you he acted with intent. You=re gong to have to look
at the facts and circumstances surrounding the event.

 

Is this an individual changing a child=s diaper?  Is this an individual giving a child a
bath?  No.  This is in the closet at night with kissing,
underneath the clothes, on the vagina. 
There=s the intent to arouse or
gratify.

 

The defendant can say as many times as he wants
that it was accidental, but we all know that you don=t touch a child in that
manner after kissing in a closet in the middle of the night without it being
intent to arouse and gratify.

 

Those are the elements.  We have to prove those beyond a reasonable
doubt, and we=ve done that.

 








Defense counsel then argued in
his closing argument that the State had Ato prove
to each of you beyond a reasonable doubt not just that [Bazanes] touched her,
but that he touched her . . . intentionally for a sexual purpose,@ that he
Adid it
intentionally to gratify sexual desires.@  Finally, the State addressed the specific
intent again in its rebuttal:

[Y]ou=ve got to prove that this
was for sexual gratification.  Ladies and
gentleman, you don=t kiss someone with your
tongue and feel their breasts and stick your finger on their vagina without it
being for sexual gratification.  A grown
man doesn=t make a person, much
less a child, touch his erect penis unless it is for the purpose of sexual
gratification. 

 

Consequently, the jury was not
misled by the arguments of counsel and, instead, was repeatedly and correctly
advised that the State had to prove that Bazanes possessed the requisite
specific intent to arouse or gratify his sexual desire.

In light
of our review of the charge, the evidence, the arguments of counsel, and other
relevant information, we conclude that the complained-of error in the jury
charge did not cause egregious harm to Bazanes. 
See Almanza, 686 S.W.2d at 171; Chiodo, 2007 WL 1952375,
at *4; see also Fulcher, 274 S.W.3d at 718B19.  Consequently, we overrule Bazanes=s first
point.

C.  Jury
Charge on Definition of Sexual Contact








In his
second point, Bazanes argues that the definition of sexual contact in the jury
charge erroneously failed to include the subsection (2) definition of sexual
contactCAany
touching of any part of the body of a child, including touching through
clothing, of the anus, breast, or any part of the genitals of a child.@  Tex. Penal Code Ann. ' 21.11(c)(2).  He argues that because the jury charge did
not include this definition, the jury could not have properly convicted him of
the offense alleged in Count 3 of the indictment (indecency with a child by
causing E.C.B. to touch his genitals). 
The State argues that the definition of sexual contact was correct and
simply Acombined
the definitions [of sexual contact] into one sentence@ and
that, alternatively, any error did not result in egregious harm to Bazanes. 

The
charge used the general definition of Asexual
contact@ from
penal code section 21.01, rather than the definition provided in section 21.11
that is applicable to the offense of indecency with a child.  Compare id. ' 21.01(2)
(Vernon Supp. 2009) (A>Sexual
contact= means, except
as provided by section 21.11, any touching of the anus, breast, or any part
of the genitals of another person with intent to arouse or gratify the sexual
desire of any person.@) (emphasis added), with id.
' 21.11(c)
(defining Asexual contact@ in
relation to the offense of indecency with a child). 

Assuming,
without deciding, that the definition of Asexual
contact@ in the
abstract portion of the jury charge erroneously omitted the definition of the
type of contact alleged in Count 3 of the indictment, we note that the
application portion of the jury charge properly applied the subsection (2)
definition of sexual contact to the facts:








Now if you find from the
evidence beyond a reasonable doubt that . . . Bazanes, did then and there, with
the intent to arouse or gratify the sexual desire of said defendant,
intentionally or knowingly cause [E.C.B.], a child younger than 17 years and
not the spouse of the defendant, to engage in sexual contact by causing the
said child, [E.C.B.] to touch the genitals of the defendant . . . , then you
will find the defendant guilty of Indecency with a Child, as charged in Count
III of the indictment.

Although
such a proper application paragraph does not cure any error in the instruction,
it does factor into the harm analysis.  See
Cook v. State, 884 S.W.2d 485, 492 n.6 (Tex. Crim. App. 1994); Harrell
v. State, 923 S.W.2d 104, 107B09 (Tex.
App.CHouston
[14th Dist.]), vacated on other grounds, 930 S.W.2d 100 (Tex. Crim. App.
1996).  AWhere
the application paragraph correctly instructs the jury, an error in the
abstract instruction is not egregious.@ Medina
v. State, 7 S.W.3d 633, 640 (Tex. Crim. App. 1999), cert. denied,
529 U.S. 1102 (2000).








Because
the application paragraph correctly instructed the jury on the elements of the
offense of sexual contact as charged in Count 3 of the indictment, we hold that
Bazanes was not egregiously harmed by any error in the definition of sexual
contact.  See Medina, 7
S.W.3d at 640; see also Meanes v. State, 668 S.W.2d 366, 374B75 (Tex.
Crim. App. 1983) (holding failure to give abstract instruction defining capital
murder was not error when constituent elements of murder were set forth at
length in application paragraph), cert. denied, 466 U.S. 945
(1984).  We overrule Bazanes=s second
point.

 

 

IV.  Legal Sufficiency of the Evidence

In his
third point, Bazanes argues that legally insufficient evidence existed to show
that he acted with the specific intent to arouse or gratify his sexual desires.

A.  Standard of Review

In
reviewing the legal sufficiency of the evidence to support a conviction, we
view all of the evidence in the light most favorable to the prosecution in order
to determine whether any rational trier of fact could have found the essential
elements of the crime beyond a reasonable doubt.  Jackson v. Virginia, 443 U.S. 307,
319, 99 S. Ct. 2781, 2789 (1979); Clayton v. State, 235 S.W.3d 772, 778
(Tex. Crim. App. 2007).








This
standard gives full play to the responsibility of the trier of fact to resolve
conflicts in the testimony, to weigh the evidence, and to draw reasonable
inferences from basic facts to ultimate facts. 
Jackson, 443 U.S. at 319, 99 S. Ct. at 2789; Clayton, 235
S.W.3d at 778.  The trier of fact is the
sole judge of the weight and credibility of the evidence.  See
Tex. Code Crim. Proc. Ann. art. 38.04 (Vernon 1979); Brown v. State,
270 S.W.3d 564, 568 (Tex. Crim. App. 2008), cert. denied, 129 S. Ct.
2075 (2009).  Thus, when performing a
legal sufficiency review, we may not re-evaluate the weight and credibility of
the evidence and substitute our judgment for that of the factfinder.  Dewberry v. State, 4 S.W.3d 735, 740
(Tex. Crim. App. 1999), cert. denied, 529 U.S. 1131 (2000).  Instead, we Adetermine
whether the necessary inferences are reasonable based upon the combined and
cumulative force of all the evidence when viewed in the light most favorable to
the verdict.@ 
Hooper v. State, 214 S.W.3d 9, 16B17 (Tex.
Crim. App. 2007).  We must presume that
the factfinder resolved any conflicting inferences in favor of the prosecution
and defer to that resolution.  Jackson,
443 U.S. at 326, 99 S. Ct. at 2793; Clayton, 235 S.W.3d at 778.








The
sufficiency of the evidence should be measured by the elements of the offense
as defined by the hypothetically correct jury charge for the case, not the
charge actually given.  Hardy v. State,
281 S.W.3d 414, 421 (Tex. Crim. App. 2009); Malik v. State, 953 S.W.2d
234, 240 (Tex. Crim. App. 1997).  Such a
charge is one that accurately sets out the law, is authorized by the indictment,
does not unnecessarily restrict the State=s
theories of liability, and adequately describes the particular offense for
which the defendant was tried.  Gollihar
v. State, 46 S.W.3d 243, 253 (Tex. Crim. App. 2001); Malik, 953
S.W.2d at 240.  The law as authorized by
the indictment means the statutory elements of the charged offense as modified
by the factual details and legal theories contained in the charging instrument.  See Curry v. State, 30 S.W.3d 394, 404B05 (Tex.
Crim. App. 2000).

In
determining the legal sufficiency of the evidence to show an appellant=s
intent, and faced with a record that supports conflicting inferences, we Amust
presumeCeven if
it does not affirmatively appear in the recordCthat the
trier of fact resolved any such conflict in favor of the prosecution, and must
defer to that resolution.@ 
Matson v. State, 819 S.W.2d 839, 846 (Tex. Crim. App. 1991).

B.  Legally Sufficient Evidence of Specific
Intent








The specific
intent required for the offense of indecency with a child may be inferred from
a defendant=s conduct, his remarks, and all
of the surrounding circumstances.  See
McKenzie, 617 S.W.2d at 216; Connell v. State, 233 S.W.3d 460, 467
(Tex. App.CFort Worth 2007, no pet.); see
also Tex. Code Crim. Proc. Ann. art. 38.07 (Vernon 2005) (providing that
conviction for indecency with a child is supportable by uncorroborated
testimony of victim if victim reported offense to another within one year of
offense).  An oral expression of intent
is not required; the conduct itself is sufficient to infer intent.  Connell, 233 S.W.3d at 467 (citing C.F.
v. State, 897 S.W.2d 464, 472 (Tex. App.CEl Paso
1995, no writ)).  Additionally, a
complainant=s testimony alone is sufficient
to support a conviction for indecency with a child.  Id. at 466 (citing Tex. Code Crim.
Proc. Ann. art. 38.07; Garcia v. State, 563 S.W.2d 925, 928 (Tex. Crim.
App. 1978)).  

Here,
E.C.B. testified that she awoke to Bazanes trying to kiss her and trying to put
his tongue in her mouth, that he put his hand under her underwear and touched
her genitals, that he put his hand under her shirt and touched or grabbed her
breast, and that he took her hand and placed it on his penis.  She said that his penis felt Ahard.@  She further testified that Bazanes had told
her to kiss him back, was breathing hard, and would move her hand a little over
his penis.  The jury, as the sole judge
of the credibility of the witnesses and the weight to be given their testimony,
could have inferred Bazanes acted with the intent to arouse or gratify his
sexual desire from E.C.B.=s testimony.[4]  See Tex. Code Crim. Proc. Ann. art.
38.04; McKenzie, 617 S.W.2d at 216. 








Viewing
all of the evidence in the light most favorable to the prosecution and
deferring, as we must, to the jury=s
determination and evaluation of the witnesses=
credibility and demeanor, we hold that there was evidence and reasonable
inferences therefrom upon which a rational trier of fact could have found
beyond a reasonable doubt that Bazanes acted with the intent to arouse or
gratify his sexual desire.  See Jackson,
443 U.S. at 319, 99 S. Ct. at 2789; Brown, 270 S.W.3d at 568; Clayton,
235 S.W.3d at 778.  Accordingly, we hold
that the evidence is legally sufficient to support Bazanes=s
conviction, and we overrule his third point.

V.  Effective Assistance of Counsel  

In his
fourth point, Bazanes argues that his counsel was ineffective for not objecting
to the jury charge and not objecting to Nurse Fornara=s
testimony on grounds of hearsay and improper bolstering. 

A. 
Standard of Review








We apply
a two‑pronged test to ineffective assistance of counsel claims. Strickland
v. Washington, 466 U.S. 668, 687, 104 S. Ct. 2052, 2064 (1984); Salinas
v. State, 163 S.W.3d 734, 740 (Tex. Crim. App. 2005); Mallett v. State,
65 S.W.3d 59, 62B63 (Tex. Crim. App. 2001); Thompson
v. State, 9 S.W.3d 808, 812 (Tex. Crim. App. 1999). There is no
requirement that an appellate court approach the two-pronged inquiry of Strickland
in any particular order or even address both components of the inquiry if the
defendant makes an insufficient showing on one component.  Strickland, 466 U.S. at 697, 104 S.
Ct. at 2069.

To
establish ineffective assistance of counsel, the appellant must show by a
preponderance of the evidence that his counsel=s
representation fell below the standard of prevailing professional norms and
that there is a reasonable probability that, but for counsel=s
deficiency, the result of the trial would have been different.  Strickland, 466 U.S. at 687, 104 S.
Ct. at 2064; Salinas, 163 S.W.3d at 740; Mallett, 65 S.W.3d at 62B63; Thompson,
9 S.W.3d at 812. 








In
evaluating the effectiveness of counsel under the first prong, we look to the
totality of the representation and the particular circumstances of each
case.  Thompson, 9 S.W.3d at
813.  The issue is whether counsel=s
assistance was reasonable under all the circumstances and prevailing
professional norms at the time of the alleged error.  See Strickland, 466 U.S. at 688B89, 104
S. Ct. at 2065.  Review of counsel=s
representation is highly deferential, and the reviewing court indulges a strong
presumption that counsel=s conduct fell within a wide
range of reasonable representation.  Salinas,
163 S.W.3d at 740; Mallett, 65 S.W.3d at 63.  A reviewing court will rarely be in a
position on direct appeal to fairly evaluate the merits of an ineffective
assistance claim. Thompson, 9 S.W.3d at 813B14.  AIn the
majority of cases, the record on direct appeal is undeveloped and cannot
adequately reflect the motives behind trial counsel=s
actions.@  Salinas, 163 S.W.3d at 740 (quoting
Mallett, 65 S.W.3d at 63).  To
overcome the presumption of reasonable professional assistance, Aany
allegation of ineffectiveness must be firmly founded in the record, and the
record must affirmatively demonstrate the alleged ineffectiveness.@  Id. (quoting Thompson, 9 S.W.3d
at 813).  It is not appropriate for an
appellate court to simply infer ineffective assistance based upon unclear
portions of the record.  Mata v. State,
226 S.W.3d 425, 432 (Tex. Crim. App. 2007).

The
second prong of Strickland requires a showing that counsel=s errors
were so serious that they deprived the defendant of a fair trial, i.e., a trial
with a reliable result.  Strickland, 466
U.S. at 687, 104 S. Ct. at 2064.  In
other words, the appellant must show there is a reasonable probability that,
but for counsel=s unprofessional errors, the
result of the proceeding would have been different.  Id. at 694, 104 S. Ct. at 2068.  A reasonable probability is a probability
sufficient to undermine confidence in the outcome.  Id. 
The ultimate focus of our inquiry must be on the fundamental fairness of
the proceeding in which the result is being challenged.  Id. at 697, 104 S. Ct. at 2070.

B.  Failure
to Object to Jury Charge








Here,
Bazanes first argues that his counsel was ineffective for not objecting to the Aintentionally
or knowingly@ language in the jury
charge.  Had defense counsel objected to
this error and the trial court overruled the objection, Bazanes would need to
show some harm on appeal.  See
Tex. Code Crim. Proc. Ann. art. 36.19 (Vernon 2006); Abdnor, 871 S.W.2d
at 731B32; Almanza,
686 S.W.2d at 171.  As we explained above
in our egregious harm analysis, the charge stated the correct law on indecency
with a child and included the specific mens rea in both abstract and
application portions of the charge, the jury could have inferred the requisite
specific intent from E.C.B.=s
testimony, and the State and defense counsel informed the jury that the State
must prove that Bazanes possessed the intent to arouse or gratify his sexual
desires.  See Almanza, 686
S.W.2d at 171; see also Ovalle v. State, 13 S.W.3d 774, 786 (Tex. Crim.
App. 2000) (explaining harm analysis when error preserved).

After a
careful review of the record, we conclude that Bazanes has failed to
demonstrate a reasonable probability that the result of the proceeding would
have been different had defense counsel objected to the jury charge.  See Strickland, 466 U.S. at
694, 104 S. Ct. at 2068; see also Ovalle, 13 S.W.3d at 786; Almanza,
686 S.W.2d at 171.  Further, because
Bazanes has not satisfied the second Strickland prong, we need not
address whether he met his burden under the first prong of Strickland.  See Strickland, 466 U.S. at 697, 104
S. Ct. at 2069.








C.  Failure to Object to Nurse Fornara=s
Testimony

Bazanes
next argues that his counsel was ineffective by failing to object to Nurse
Fornara=s
testimony.  Bazanes did not file a motion
for new trial; therefore, the record is silent as to defense counsel=s
reasons for not objecting to this testimony. 
Generally, a silent record that provides no explanation for counsel=s
actions will not overcome the strong presumption of reasonable assistance.  See Rylander v. State, 101 S.W.3d 107, 110
(Tex. Crim. App. 2003); Edwards v. State, 280 S.W.3d 441, 445 (Tex. App.CFort
Worth 2009, pet. ref=d).

Based on
the record before us, in light of the strong presumption of reasonable
professional assistance by defense counsel, and in the absence of any
opportunity for defense counsel to explain his motives for not objecting to
Nurse Fornara=s testimony, we cannot say that
Bazanes has met his burden of showing by a preponderance of the evidence that
his trial counsel=s representation fell below the
standard of prevailing professional norms. 
See Strickland, 466 U.S. at 690, 104 S. Ct. at 2066; Rylander,
101 S.W.3d at 110; Thompson, 9 S.W.3d at 813; Edwards, 280
S.W.3d at 445; see also Goodspeed v. State, 187 S.W.3d
390, 392 (Tex. Crim. App. 2005) (stating that Atrial
counsel should ordinarily be afforded an opportunity to explain his actions
before being denounced as ineffective@).








Moreover,
the entirety of Bazanes=s argument regarding his counsel=s
ineffective assistance in this regard is that A[w]ithout
Nurse Fornara=s unnecessary testimony, the
jury could have focused entirely on the occurrence witnesses=
testimony.@ 
This assertion is not proof that a reasonable probability exists that,
but for counsel=s unprofessional errors, the
result of the proceeding would have been different.  See Strickland, 466 U.S. at
694, 104 S. Ct. at 2068.  Moreover, we
have already explained how E.C.B.=s
testimony, standing alone, was sufficient to support Bazanes=s
conviction.  We conclude that Bazanes has
failed to satisfy either prong of the Strickland test. 

Having
disposed of Bazanes=s ineffective assistance
arguments, we overrule his fourth point.

VI.  Conclusion

Having
overruled all of Bazanes=s four points, we affirm the
trial court=s judgment.

 

SUE WALKER

JUSTICE

 

PANEL: LIVINGSTON and WALKER, JJ.

 

PUBLISH

 

DELIVERED: February 18, 2010

 











[1]Photographs taken during
the examination were also admitted into evidence.





[2]At trial, Bazanes=s defense attorney stated
that he had A[n]o objections@ to the proposed charge.





[3]The indictment also used
the phrase Aintentionally or
knowingly@; Count 1 of the
indictment alleged that Bazanes Awith the intent to arouse or gratify [his] sexual
desire . . . intentionally or knowingly engage[d] in sexual contact with
[E.C.B.], by touching the breasts of [E.C.B.], a child younger than 17 years of
age and not the spouse of [Bazanes].@  Counts 2
and 3 were the same, except that Count 2 alleged the conduct as Atouching the genitals of
[E.C.B.],@ and Count 3 alleged the
conduct as Acausing [E.C.B.] to touch
the genitals of [Bazanes].@





[4]The majority of Bazanes=s argument in his third
point is that we should not consider certain other testimony and evidence
admitted at trial.  We need not address
his specific complaints because, under the appropriate standard of review and
substantive law, E.C.B.=s testimony is sufficient
to support the conviction.  See
Connell, 233 S.W.3d at 466.